Mario Pittoni, J.
The plaintiff moves for leave to serve a further amended complaint, to drop a party defendant, and to allege the maintenance of a nuisance. The action is to recover damages for injuries sustained as a result of a fall on a sidewalk and adjacent roadway.
The complaint, at present, charges the defendant with negligence in permitting the sidewalk and adjacent roadway to become and to remain in disrepair and in a broken condition. The proposed amended complaint seeks to allege unlawful affirmative acts, comprising a special use made of the sidewalk by automobiles to gain access to a private parking area and garage, which allegedly constituted a nuisance.
The distinction between negligence and nuisance highlights the reason for the proposed amendment. “Nuisance consists in the wrongful maintenance of the thing itself, while negligence usually consists in the manner of the doing of the thing. In nuisance, it is the wrongful or unlawful maintenance of the thing resulting in damage to others that gives the right of action, irrespective of whether its operation was careful or careless; while in negligence, it is the careless operation of the thing whereby others are damaged, irrespective of whether it is lawful or unlawful.” (Glover v. Holbrook, Cabot Rollins Corp., 189 App. Div. 328, 329.)
Under the present pleadings, the plaintiff; might prove that the use of the sidewalk was unlawful, and still be unable to recover, if due care were exercised in the use thereof. On the other hand, the exercise of care would constitute no defense to the action in nuisance. The pivotal issue, in such case, concerns the lawfulness of the use.
The parties should be permitted to put their pleadings in such shape as will enable them to raise and have litigated at the trial every question which affects their interest in the subject matter of the litigation (cf. Brodman v. Merchants Fire Assur. Co., N. Y. L. J., June 23, 1961, p. 8, col. 4). The additional theory of recovery, moreover, is based-on the same wrongful conduct as is charged in the original complaint, and presents no surprise to the defendant.
*545 The filing of a statement of readiness is no bar to an application for leave to serve an amended pleading. The motion may be made at any time. The only serious objection raised concerns the timeliness of the motion. The original complaint was served on May 2, 1958. This factor, unless coupled with a showing of prejudice, is not sufficient to defeat the application. The trial of this action cannot be reached until a far date in the future; so the defendant has adequate time to prepare his case.
The motion is granted in all respects. The amended complaint shall be served within 10 days from the date of the order to be entered hereon, and the defendant shall have 20 days after service of a copy of the amended complaint to serve an answer. This case shall retain its present position on the calendar.