■ ALLIED CHEMICAL CORPORATION, Respondent, v. SHEEHAN BROS., INC., Respondent, and AGRICULTURAL INSURANCE COMPANY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered June 15, 1972 in Franklin County, which denied defendant's motion for leave to amend its answer. Defendant Sheehan Bros., Inc., (hereafter Sheehan), as general contractor, agreed with the State to undertake the improvement of a certain public highway in Franklin County. Sheehan, in turn, engaged the plaintiff Allied Chemical Corporation (hereafter Allied) as its subcontractor to deliver and apply certain necessary road materials in furtherance of the contract. Appellant, the Agricultural Insurance Company (hereafter Agricultural) issued a labor and material bond on the project pursuant to section 137 of the State Finance Law. The improvement was apparently completed and accepted by the State on December 4, 1968. In September of 1969, not having received payment for its part in this construction project, Allied sued Sheehan on its contract for goods sold and delivered and Agricultural on its bond as Sheehan's surety. Sheehan's answer apparently admitted Allied's allegations, but the response of Agricultural alleged partial defenses in limitation of Allied's complaint (State Finance Law, § 137, subd. 4, par. [b]). In May of 1972 Agricultural moved to amend its answer so as to include a cause of action under article 3-A of the Lien Law against Allied as the knowing recipient of trust funds unlawfully diverted to it by Sheehan in payment of certain antecedent obligations and a cause of action for cancellation and rescission of its bond by reason of fraud and conspiracy on the part of Allied

and Sheehan before the issuance of said bond. Special Term denied Agricultural's requested relief and this appeal ensued. Since the material sought to be interposed by the amended pleading does not appear to be palpably insufficient and the record suggests that it was the pretrial proceedings which likely first developed and gave the parties notice that such new claims might be made, we are constrained to conclude that Special Term should have permitted the amendment in accordance with the policy of liberality expressed in CPLR 3025 (subd. [b]) (cf. *Dittmar Explosives* v. *A. E. Ottaviano, Inc.,* 20 N Y 2d 498; *Rife* v. *Union Coll.,* 30 A D 2d 504; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3025.11, 3025.14, 3025.15). Although the proposed amendments are based on different legal theories and are somewhat inconsistent, at least hypothetically, with the defenses previously pleaded, it is significant that both causes of action directly relate to factual matters well within the knowledge of these respondents who have advanced no convincing arguments demonstrating prejudice to them should the motion be granted. Order reversed, on the law and the facts, and motion granted, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.