■ MILGO INDUSTRIAL, INC., Respondent-Appellant, et al., Respondent, v UNITED STATES FIRE INSURANCE COMPANY, Defendant, and ROYAL INDEMNITY COMPANY, Appellant-Respondent. — In an action, *inter alia,* to declare that Royal Indemnity Company is obligated "to pay the entire amount of interest on the entire judgment [entered against plaintiffs in the United States District Court for the District of Minnesota]" and to recover compensatory and punitive damages, defendant Royal Indemnity Company appeals (1) from so much of an order of the Supreme Court, Kings County (Greenspun, J.), dated March 13, 1980, as denied the branch of its motion which sought summary judgment on its counterclaim against plaintiff Milgo Industrial, Inc., and (2) from so much of a further order of the same court, also dated March 13, 1980, as denied the branches of its motion which sought (a) summary judgment on the ground that plaintiffs had failed to serve a bill of particulars and (b) leave to amend its answer to include an affirmative defense and two counterclaims predicated upon allegations of fraud and deceit. Plaintiff Milgo Industrial, Inc., cross-appeals from so much of the first above-mentioned order as denied its cross motion for summary judgment dismissing the counterclaim of Royal Indemnity Company. First above-mentioned order affirmed, insofar as appealed from, without costs or disbursements. Second above-mentioned order modified by deleting therefrom the provision denying the branch of the motion of Royal Indemnity Company which sought leave to amend the complaint and substituting therefor a provision granting said branch of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The amended answer annexed to the motion papers is deemed served. Plaintiffs' time to serve a reply is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In this action, plaintiffs seek to recover, *inter alia,* compensatory and punitive damages from the defendant Royal Indemnity Company (Royal) for its alleged bad faith failure to settle a wrongful death action against the plaintiffs in the United States District Court for the District of Minnesota, Fourth District, which resulted in a judgment in the amount of $390,000 jointly and severally against the plaintiffs, and apportioned at the rate of 30/85 against the plaintiff Milgo Art Systems, Inc. (Milgo Art), and 55/85 against the plaintiff Milgo Industrial, Inc. It is also alleged that at the time when the action for wrongful death accrued, the defendant Royal had issued a liability insurance policy for primary coverage in an amount not exceeding $250,000 to defendant Milgo Art, and that at the same time defendant United States Fire Insurance Company had issued a liability insurance to plaintiff Milgo Industrial for ultimate loss in excess of a retained limit of from $250,000 to $1,000,000. At the time of the accident, defendant Milgo Industrial carried no primary liability insurance. Both plaintiffs also allege that by reason of the failure of Royal to settle, in good faith, the action within its policy limits, they were exposed to the payment of the judgment to the extent in excess of its policy limit of $250,000. The defendant Royal, by counterclaim, alleges, *inter alia,* that it had paid the face amount of its $250,000 policy issued to Milgo Art, with interest on account of the judgment, and seeks to recover from the plaintiff Milgo Industrial the sum of $112,353, representing the amount paid by it in excess of its insured's (Milgo Art's) $137,647 proportionate share of the $390,000 judgment. By notice of motion dated January 31, 1980, Royal moved to dismiss the first, third, fourth and sixth causes of action alleged by Milgo Industrial for legal insufficiency and for summary judgment on its counterclaim. Milgo Industrial cross-moved for summary judgment dismissing the counterclaim. Special

Term dismissed the causes of action in issue by an order in which the court noted that plaintiff Milgo Industrial conceded that it did not have an underlying liability policy. The court denied the branch of Royal's motion which was for summary judgment on its counterclaim, and Milgo Industrial's cross motion for summary judgment dismissing the counterclaim, because of the existence of triable issues of fact. By a subsequent motion defendant Royal sought, *inter alia,* summary judgment based on plaintiffs' failure to timely comply with a conditional preclusion order, and leave to serve an amended answer containing an affirmative defense and additional counterclaims sounding in fraud and deceit against both plaintiffs. Those branches of the motion were denied. Defendant Royal separately appeals (1) from so much of the first order as denied the branch of its first motion which was for summary judgment on its counterclaim for contribution from plaintiff Milgo Industrial for the amount paid by Royal in excess of the apportioned share of its insured Milgo Art, and (2) from so much of the second order as denied those portions of Royal's second motion which sought (a) summary judgment dismissing the complaint for plaintiffs' alleged failure to timely serve a bill of particulars directed by a conditional preclusion order, and (b) leave to amend its answer to plead, *inter alia,* an affirmative defense and counterclaim for $270,136.98 damages, both based on the alleged fraud and deceit of plaintiffs in purportedly executing between them wrongfully and in violation of Royal's insurance contract with Milgo Art, an agreement not to seek contribution or indemnity from each other in the event of judgment against one or both of them. Plaintiff Milgo Industrial cross-appeals from so much of the first order as denied its cross motion for summary judgment dismissing Royal's counterclaim for contribution. The first order, denying summary judgment on the counterclaim, should be affirmed. The second order should be modified to the extent of permitting Royal to amend its answer. There are triable issues of fact with respect to: (1) Royal's alleged bad faith refusal to settle the cause of action for wrongful death asserted against Milgo Art in the United States District Court in Minnesota; and (2) The validity and *bona fides* of the alleged waiver of contribution, indemnity and subrogation agreements between Milgo Art and Milgo Industrial, viz., the written agreement and the agreement which Milgo Industrial's president, Max E. Gitlin, averred was made "[p]rior to the Johnson loss". With respect to the written agreement, Gitlin averred: "4. During the course of the tort action, it became apparent to [Milgo] Industrial and [Milgo] Art that Royal had no intention of fulfilling its contractual obligations to protect its insured and that it refused to offer its policy limits in settlement of the said tort action. Thus, deponent, on behalf of Industrial, agreed with his son [president of Milgo Art], on behalf of Art, to refrain from seeking contribution or indemnity against each other in the event of judgment against one or both of them. Thereafter, prior to judgment and prior to any payment by Royal, this agreement was reduced to writing in the form of a memorandum setting forth the terms thereof, a copy of which is annexed hereto as Exhibit '1'." The circumstances and timing of these alleged waivers of contribution, indemnity and subrogation agreements, their relation to the Minnesota tort suit and to Royal's exposure and insurance coverage in that suit must be fully explored and developed at trial. For these reasons Special Term (1) properly denied Royal's motion for summary judgment in its favor on its counterclaim for contribution from Milgo Industrial for the amount paid in excess of the apportioned share of its insured, Milgo Art; and (2) properly denied Milgo Industrial's cross motion for summary judgment dismissing Royal's counterclaim for contribution. We find no basis for disturbing so much of the second order as denied that part of Royal's further motion which sought summary judgment dismissing the complaint for plaintiffs' alleged failure to

serve a bill of particulars within the time directed by a conditional preclusion order. Royal's further motion also sought: "an order pursuant to CPLR 3025 (b) granting leave to defendant Royal Indemnity Company to amend its answer to include as an affirmative defense allegations of fraud and deceit against the plaintiffs, to include a counterclaim in the amount of $270,136.98 that represents the payment by defendant Royal Indemnity Company made under the insurance policy sued upon by the plaintiffs since they have breached conditions in that insurance policy, and to include a counterclaim in the amount of $500,000.00 for compensatory and punitive damages and attorneys' fees because of plaintiffs' fraud and deceit". The proposed amended answer alleged an added affirmative defense and two counterclaims. In the second counterclaim it was alleged that Royal's policy covered only Milgo Art; that Milgo Art and Milgo Industrial falsely represented to Royal that the policy also covered Milgo Industrial and that Royal should thus defend and cover Milgo Industrial; that Milgo Art and Milgo Industrial made such representation in order to make applicable for Milgo Industrial excess liability coverage covering Milgo Industrial but which policy required an underlying primary liability policy; that plaintiffs deliberately and fraudulently sought to create a factual basis for "a lawsuit for bad faith" against Royal; that, prior and subsequent to the entry of judgment and partial payment by Royal in the Minnesota tort suit, plaintiffs entered into an unlawful and fraudulent agreement to refrain from seeking contribution or indemnity from each other; and that, by reason thereof, the policy between Milgo Art and Royal is void and Royal should recover the amount of $270,136.98 as damages representing the amount Royal expended in the defense of Milgo Art and Milgo Industrial in the Minnesota suit. The first counterclaim was a repetition of the counterclaim in Royal's original answer, by which Royal sought contribution from Milgo Industrial. The third counterclaim sought punitive damages. Notwithstanding that Royal was apprised of the existence of the agreement between the plaintiffs waiving claims of contribution or indemnity as between themselves when such allegation was set forth in Milgo Industrial's reply to Royal's first counterclaim, this court notes that plaintiffs were not examined before trial in relation to the facts and circumstances involved, and the necessary disclosure proceedings had not been completed, until *after* an order, dated September 4, 1979, was made denying Royal's motion to strike the action from the Trial Calendar "on condition that plaintiff *[sic]* appear for examination before trial", and, further, that a copy of the alleged agreement was not supplied to Royal until shortly after February 6, 1980 when it was attached as an exhibit to the affidavit of Max E. Gitlin, president of Milgo Industrial, in support of the cross motion to dismiss the counterclaim. Under the circumstances presented, the motion made by defendant Royal on February 14, 1980, shortly after the conclusion of the discovery status of the matter, for leave to amend its answer, was neither untimely nor prejudicial to the plaintiffs, and the denial of this branch of Royal's motion constituted an improvident exercise of the court's discretion (see *Allied Chem. Corp. v Sheehan Bros.,* 46 AD2d 835; *Caccavale v Pearsall,* 29 Misc 2d 543). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.