*790 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the motion to dispense with the respondent’s consent to the adoption of Amy SS should be granted, with costs. For the reasons stated in the dissenting opinion of Justice Levine at the Appellate Division, we conclude that the findings at Family Court more nearly comport with the evidence.
In addition, we would note that the evidence put forth by the petitioners of the respondent’s failure to visit with, communicate with, or provide for the support of his child is precisely the type of clear and convincing evidence contemplated by Domestic Relations Law § 111 (2) (a) to show an “intent to forego * * * parental * * * rights and obligations”. While respondent’s evidence may have shown a “flicker of interest” in Amy SS, “the [1975] amendments to section 111 of the Domestic Relations Law were designed to override the ‘flicker of interest’ test and thereby ease the burden on the party seeking to prove abandonment” (Matter of Corey L v Martin L, 45 NY2d 383, 389; see, Domestic Relations Law § 111 [6] [b]).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order reversed, with costs, and the motion to dispense with respondent’s consent to the adoption granted in a memorandum.