■ In the Matter of RYAN PAUL L.—Order unanimously affirmed, without costs. Memorandum: The issue raised on this appeal is whether petitioners (the natural mother and her husband) may proceed with the adoption of the infant without the consent of respondent natural father of the child. After an extended hearing, Family Court determined that they may. We agree.

Domestic Relations Law § 111 (2) (a) provides that in an adoption proceeding "[t]he consent shall not be required of a parent * * * who evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with

the child or person having legal custody of the child, although able to do so". Implicit in this statutory provision is the requirement that it be established that the parent whose consent to adoption would ordinarily be required has effectively abandoned the child *(Matter of Corey L v Martin L,* 45 NY2d 383, 389). Respondent and his wife were divorced in March 1980. Custody of the infant was granted to the wife with liberal visitation privileges afforded to respondent, who was also ordered to pay child support. The record establishes that since January 1981 respondent failed to exercise his visitation rights, although encouraged to do so by the child's mother in the summer of 1981. By respondent's own admission, his last verbal contact with his former wife concerning visitation occurred at Thanksgiving 1982. A February 1983 telephone call by respondent to his son on the occasion of the latter's birthday proved unavailing because the child refused to speak to respondent. Since the divorce of respondent and his wife, three support payments were made, the last in September 1981. Respondent's explanation for his discontinuance of visitation and failure to otherwise communicate with his son was his hope to reestablish a relationship with his son when the latter became older.

The petition seeking the dispensation of respondent's consent to the adoption was filed on July 26, 1984. For 20 months prior thereto, respondent had no communication with his son and did not attempt to communicate with the boy for 17 months prior to the petition. That respondent made attempts, after the filing of the petition herein, to exercise rights of visitation long before accorded and consistently ignored is of no moment. "Abandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights—a withholding of interest, presence, affection, care and support" *(Matter of Corey L v Martin L, supra,* p 391; *see also, Matter of Amy SS.,* 64 NY2d 788). Clear and convincing evidence of parental abandonment exists on the record before the court which is more than sufficient to meet the statutory standard (Domestic Relations Law § 111 [2] [a]). (Appeal from order of Onondaga County Family Court, McLaughlin, J.—adoption.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.