■ In the Matter of JUSTIN Z., an Infant. GARY AA. et al., Appellants; JOHN Z., Respondent. (Proceeding No. 1.) In the Matter of JOHN Z., Respondent, v CAROLE AA., Appellant. (Proceeding No. 2.)—Mahoney, P. J. Appeal (in proceeding No. 1) from an order of the Family Court of Saratoga County (Intemann, Jr., J.), entered November 27, 1984, which denied petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Justin Z.

Appeal (in proceeding No. 2) from an order of said court, entered November 27, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation of the infant and ordered petitioner to pay child support.

On June 21, 1979, Carole AA. gave birth out of wedlock to Justin Z. On June 16, 1980, Family Court issued an order of filiation declaring John Z., the man with whom the mother was living, to be Justin's father. In December 1981, the parties separated with the mother retaining custody of the child. On February 17, 1984, the mother married Gary AA. In 1984, Carole and Gary (hereinafter petitioners) commenced a proceeding to have Gary adopt the child. The petition alleged that the consent of the natural father (hereinafter respondent) was unnecessary on the ground that respondent had abandoned the child. Respondent's answer specifically denied that portion of the petition alleging abandonment and affirmatively stated as a defense to the petition that the mother systematically and deliberately precluded him from exercising his

visitation rights. Respondent, in a separate proceeding, sought visitation rights. The proceedings were heard together in Family Court. At the close of the case, Family Court orally recited its decision into the record wherein the petition for adoption was denied on the ground that petitioners' proof failed to establish that respondent had abandoned his son. Family Court also awarded visitation rights to respondent and ordered that he pay $25 per week as child support. These separate appeals by petitioners ensued.

While the parties gave conflicting testimony at trial as to the reasons for respondent's failure to visit and pay support, it is clear that, prior to September 1982, respondent visited his child at least once a week. In September 1982, when respondent brought his son home at 11:00 P.M. one night, he was told by the boy's mother that he could not talk to or see the boy again. Thereafter, the mother brought the boy to respondent's mother's house when respondent visited the boy. These visits at the boy's grandmother's house continued sporadically from late 1982 to 1984. The mother admitted that she did not always bring the boy to the grandmother's house when requested. Next, while respondent's support payments were erratic, it appears that he voluntarily paid support when he obtained odd jobs doing carpentry and painting. He did not obtain a full-time job until shortly before the adoption proceeding was commenced.

We agree with Family Court's determination that petitioners did not prove the statutory requirements for dispensing with the need for respondent's consent to the adoption. Domestic Relations Law § 111, which provides the authority to dispense with consent of a natural parent to an adoption, must be read along with the constitutional limitations on the termination of parental rights (see, Matter of Corey L v Martin L, 45 NY2d 383). While there must be a finding of abandonment before the consent to adoption may be dispensed with, it has been held that a finding of insubstantial visitation does not constitute abandonment, but simply does not preclude such a conclusion (supra, pp 389-390). Here, respondent offered proof that the mother denied him access to his son and forced him to arrange for visitation in the grandmother's home. As for respondent's failure to pay child support, we note that the mother had income in excess of $50,000 annually, and further, that she never commenced a support proceeding against respondent. While respondent's relationship with his son could have been more diligently pursued, petitioners failed to satisfy the heavy burden of proving abandonment for the purpose of

dispensing with the necessity of respondent's consent to the adoption. We also note, as did the Court of Appeals in *Matter of Corey L,* that petitioners seek more than custody; they seek to make the child their own *(supra,* p 391).

Finally, since we have concluded that respondent did not abandon his infant son, and, most importantly, since the testimony of the clinical psychologist clearly established that the child would benefit by maintaining his parental relationship with respondent, we see no need to disturb the order fixing visitation rights.

Orders affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.