■ In the Matter of BARBARA POLCARO, Appellant, v RICHARD POLCARO, Respondent. [681 NYS2d 156] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 2, 1997, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner and respondent were married on January 15, 1994. They are the parents of a son, Robert, who was born later that same year. Petitioner left the marital abode to live with her paramour in Maine after being confronted by respondent, her parents and sister over her extramarital affair. The child has remained in respondent's care since that time. Respondent arranged and paid for child care and generally looked after his son in a competent manner. To his credit, he has maintained a relationship with the child's maternal and paternal grandparents. The court found that it was in the child's best interest that sole custody be awarded to respondent because of petitioner's lack of emotional and economic stability.

Petitioner contends on this appeal that Family Court inappropriately focused on her move to Maine, giving it disproportionate weight, in that other testimony favors petitioner as custodial parent including the fact that she was the child's primary caretaker before the marital rift.

While this Court's authority to determine the weight of evidence is as broad as that of Family Court (*see, Matter of Rohan v Rohan*, 213 AD2d 804), we accord great deference to Family Court which has had "the advantage of hearing the witnesses and weighing their credibility" (*Matter of Scalia v Scalia*, 217 AD2d 780, 781). The decision of Family Court will thus not be lightly set aside.

The primary consideration in a child custody case is deter-

mining what is in the child's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). Many factors guide the court in its determination of how best to provide for the child's best interest. The determination must be based on the totality of the circumstances of each case presented (*see, id., supra*, at 173-174).

Here, Family Court determined that the child's best interest will be achieved by awarding custody to respondent. This was based on respondent's maintenance of the marital home, holding a full-time job, being substantially involved in the child's care during the marriage, responsibly providing primary care for his son since petitioner left the marital home and maintaining a familial relationship with the child's extended family. The record supports the court's determination to award sole custody to respondent and it should not be disturbed.

Petitioner's allegations of ineffective assistance of counsel are to no avail. She was provided with reasonably competent legal representations. Her counsel probed into respondent's alleged alcohol use and her allegations of violence, plus he attempted to justify her leaving the marital residence. Unfortunately, the totality of the evidence ameliorated respondent's alleged negative characteristics and otherwise undercut petitioner's contentions of justification as to her own actions in abandoning the child.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.