■ In the Matter of SARA HH., an Infant. LANA II., Respondent; STEPHEN JJ., Appellant. (And Two Other Related Proceedings.) [699 NYS2d 153] —Yesawich Jr., J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered November 19, 1998, which (1) granted petitioner's applications, in two proceedings pursuant to Domestic Relations Law article 7, finding that respondent had abandoned his children so that his consent to their adoption was not required, and (2) dismissed respondent's application, in a proceeding pursuant to Family Court Act article 6, for a modification of a previous order of visitation.

Petitioner and respondent were married in 1988 and are the parents of two children, a daughter (born in 1988) and a son (born in 1991). The parties separated in 1993 and in 1995 entered into a written agreement in Family Court, whereby petitioner received sole custody of the children and respondent was relieved of his obligation to provide child support, child support arrears and medical expenses for the children, and in turn he gave up his visitation rights. Since that time, respondent has sporadically contacted and visited the children, primarily at his mother's home who has visitation with them one Saturday each month.

In February 1998, petitioner and her current spouse (hereinafter the stepfather) commenced these two proceedings pursuant to Domestic Relations Law article 7 to enable the stepfather to adopt each of the children. Petitioner contends, inter alia, that respondent's consent was not required because he had abandoned the children (see, Domestic Relations Law § 111 [2] [a]). After a hearing, Family Court found that abandonment had indeed occurred and entered an order dispensing with respondent's consent. This appeal followed.

Although Family Court incorrectly placed the burden on respondent to demonstrate that he had maintained a substantial and continuous relationship with the children, an affirmance is nevertheless dictated for petitioner, whose burden it in fact was, established by clear and convincing evidence that respon-

dent had indeed abandoned the children (*see*, Domestic Relations Law § 111 [2] [a]). A review of the record convinces us that respondent's conduct evinced a purposeful intent to rid himself of parental obligations and to forego his parental rights (*see, Matter of Corey L. v Martin L.*, 45 NY2d 383, 391). From 1995 onward, respondent demonstrated very little interest in the children. In November of that year, he surrendered his visitation rights in exchange for relief from his child support obligations and, until the adoption petitions were filed, never attempted to contribute to their support or to regain visitation. Furthermore, from the spring of 1996 through October 1998, respondent saw the children on at most five occasions when they happened to be visiting his mother during her scheduled visitation time. This " 'flicker of interest' " (*Matter of Corey L. v Martin L.*, supra, at 389; *see, Matter of Shandra CC.*, 249 AD2d 842, 843; *Matter of Amanda*, 197 AD2d 923, 924, *lv denied* 82 NY2d 662) shown by respondent in his children was not enough to preclude a finding of abandonment.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.