■ In the Matter of Joshua II., an Infant. David JJ. et al., Appellants; Richard II., Respondent. (Proceeding No. 1.) In the Matter of Maggi II., an Infant. David JJ. et al., Appellants; Richard II., Respondent. (Proceeding No. 2.) [745 NYS2d 112] —Mercure, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered September 14, 2001, which dismissed petitioners' applications, in two proceedings pursuant to Domestic Relations Law article 7, for adoption of Joshua II. and Maggi II.

---

Respondent is the biological father of Joshua II. (born in 1993) and Maggi II. (born in 1996). In March 2001, the children's biological mother, petitioner Lesley JJ., and her current spouse, petitioner David JJ., commenced these stepparent adoption proceedings pursuant to Domestic Relations Law article 7. Petitioners asserted that respondent's consent was not required under Domestic Relations Law § 111 (2) (a) because respondent had evinced an intent to forego his parental rights by failing to visit, communicate with or financially support the children for a period of time, including the six months preceding the filing of the petitions. Following a hearing, Family Court found that petitioners had failed to prove by clear and convincing evidence that respondent had abandoned the children such that his consent to the adoptions was not required and, lacking respondent's consent, dismissed the adoption petitions. Petitioners appeal.

Pursuant to Domestic Relations Law § 111 (2) (a), a biological father's consent to adoption by a stepparent is not required where the father "evinces an intent to forego his * * * parental or custodial rights and obligations as manifested by his * * * failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so." The burden is on the petitioner to prove by clear and convincing evidence that the biological father abandoned his children by evincing an intent to rid himself of his parental obligations (*see, Matter of Joshua*, 216 AD2d 749, 751, *lv denied* 86 NY2d 709; *see also, Matter of Amy SS.*, 64 NY2d 788, 790; *Matter of Corey L v Martin L*, 45 NY2d 383). While the Legislature has made clear that neither evidence of insubstantial or infrequent visits or communications by the biological father, nor the biological father's subjective intent, are alone sufficient to preclude a finding that the biological father's consent to adoption is not required (*see,* Domestic Relations Law § 111 [6] [b], [c]), the petitioner's burden of proving abandonment remains a heavy one (*see, Matter of Justin Z.*, 114 AD2d 637, 638-639) and the biological father's failure to visit with or financially support his children, "although significant, are not determinative factors where they are properly explained" (*Matter of Joshua, supra* at 751, *lv denied* 86 NY2d 709; *see, Matter of Michael E.J.*, 84 AD2d 816, 817).

The evidence shows that respondent's last actual contact with the children occurred during a supervised visitation that took place on January 12, 2000, more than one year prior to the filing of the present adoption petitions. Further, testimony from a representative of the Sullivan County Child Support

Collection Unit established that respondent made no child support payments during the six months preceding the adoption petitions and was, at the time of the hearing, more than $4,000 in arrears in his child support obligation. In our view, that evidence, standing alone, clearly and convincingly established respondent's intent to forego his parental rights (*see, Matter of Amy SS.*, 64 NY2d 788, *revg* 100 AD2d 657, *supra*).

Relying on *Matter of Jonna H.* (252 AD2d 839), however, Family Court concluded that respondent's failure to visit his children was properly explained by his incarceration during five of the six months preceding the filing of the adoption petitions and by court orders suspending his visitation with the children from January 19, 2000 to the time of the hearing. We disagree. Unlike the biological father in *Matter of Jonna H.* (*supra*), who entered a treatment program for his substance abuse problem and was thereby precluded from contacting his children, here respondent was incarcerated for engaging in criminal activities, including the violation of a condition of his probation requiring him to attend a substance abuse treatment program following an alcohol-related felony conviction. Similarly, the Family Court orders suspending respondent's visitation with the children, which were issued on a temporary basis on January 19, 2000 and made permanent on July 31, 2000, resulted from evidence that respondent had, among other things, violated a prior court order by consuming alcohol within 24 hours prior to visiting with the children. In a case such as this one where the biological parent's inability to visit with the children results from his own deliberate acts, the underlying circumstances need not preclude a finding of a lack of contact with the children evincing an intent to abandon them (*see, Matter of Krysheena*, 265 AD2d 816; *see also, Matter of Shakim Ravon B.*, 257 AD2d 547, 548; *Matter of Ashton*, 254 AD2d 773, *lv denied* 92 NY2d 817; *Matter of Clair*, 231 AD2d 842, *lv denied* 89 NY2d 806).

Furthermore, exercising our fact-finding authority on an issue not addressed by Family Court and resolving a conflict in the hearing evidence, we reject respondent's claim that he was repeatedly thwarted in his efforts to telephone the children and that he regularly sent the children cards on holidays (*see, Matter of Polcaro v Polcaro*, 256 AD2d 666). In any event, the isolated efforts testified to by respondent are insufficient to preclude a finding of abandonment (*see, Matter of Erika G.*, 289 AD2d 803, 804; *Matter of Michael E.J.*, *supra* at 817; *see also, Matter of Taylor R.*, 290 AD2d 830, 832).

Under the circumstances, we conclude that Family Court erred in its determination to dismiss the petitions.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.