In the Matter of Jasmin E.R., an Infant. In the Matter of Kimberly A.P. et al., Respondents, v Maria S., Respondent, and Chad C., Appellant. (Proceeding No. 1.) In the Matter of Bonnie C., Respondent, v Maria S., Respondent. (Proceeding No. 2.) In the Matter of Chad C., Appellant, v Maria S.,

Respondent. (Proceeding No. 3.) In the Matter of Bonnie C., Respondent, v Chad C., Appellant, and Maria S., Respondent. (Proceeding No. 4.) [757 NYS2d 416] —Appeal from an order of Family Court, Ontario County (Harvey, J.), entered November 14, 2001, which determined, inter alia, that Chad C. is not a party whose consent is needed for the adoption of his child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent-petitioner father appeals from an order determining, inter alia, that he is not a party whose consent is needed for the adoption of his child and denying his petition for post-adoption visitation. Initially, we note that, because respondent mother has not taken an appeal from the order, any issue concerning her consent to the adoption is not properly before us. Family Court properly dispensed with the consent of the father to the adoption of his child pursuant to Domestic Relations Law § 111 (2) (a). "Neither the order of protection prohibiting [the father] from contacting the child[ ] nor his incarceration prevented him from contacting the persons having legal custody of the child[ ] or * * * the agency maintaining supervision of [the father] and the child[ ]" (*Matter of Krysheena*, 265 AD2d 816, 816 [1999]; see also § 111 [2] [a]; *Matter of Naticia Q.*, 226 AD2d 755 [1996]; *Matter of Charmaine T.*, 173 AD2d 625, 627 [1991]). The failure of the father to maintain contact with the person having legal custody of his child is a clear manifestation of an intent to forego parental obligations to her (*see Krysheena*, 265 AD2d at 816-817). Although the father testified that the mother prevented him from contacting the child, the court found that testimony to be incredible and we see no reason to disturb that finding (*see Matter of Gabriela*, 283 AD2d 983, 984 [2001], *lv denied* 96 NY2d 721 [2001]). In addition, the court's determination that the best interests of the child will not be served by granting the father post-adoption visitation with the child is supported by the record. The father was convicted of one count of second degree course of sexual conduct against a child (Penal Law § 130.80 [former (a)]) and three counts of endangering the welfare of a child (§ 260.10 [1]), shows no remorse with respect to that conviction and refuses to attend sexual abuse counseling (*see Matter of Gutkaiss v Leahy*, 285 AD2d 752, 753 [2001]; *Matter of Chaya S. v Frederick Herbert L.*, 284 AD2d 335 [2001]; *Matter of Ellett v Ellett*, 265 AD2d 747 [1999]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.