■ In the Matter of SHAUNA B., an Infant. JANET C. et al., Respondents; TRACY D., Appellant. (Proceeding No. 1.) [759 NYS2d 563] —Kane, J. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered October 26, 2001, which granted petitioners' applications, in two proceedings pursuant to Domestic Relations Law article 7, for adoption of Shauna B. and Raymond C.

Petitioner Randolph C. (hereinafter petitioner) and respondent are the biological parents of Shauna B. and Raymond C. In 1997, Family Court awarded petitioner physical custody of the children. Respondent made some attempts at visitation for several months, with problems arising between the parties, respondent's boyfriend, and the children. Family Court modified the custody order to provide that respondent's visitation be supervised by the Schoharie County Mental Health Department. Only one such visit occurred, in the summer of 1998. Respondent has not visited with her children since. She attempted to call petitioner at home a few times after August 1998, but only got an answering machine. Petitioner changed his phone number in late 1999, admittedly without informing respondent of the new unlisted number, but respondent made no efforts to obtain it, stating that she felt such efforts would not be fruitful. She bought presents for the children, but kept them in a room in her home. In January 2001, petitioner and his wife filed these petitions to adopt the children, alleging that respondent's consent was unnecessary as she had abandoned them. Family Court granted the petitions, leading to this appeal.

Consent to adoption is not required of a parent who "evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]). Petitioners bear the

heavy burden of proving by clear and convincing evidence that respondent evinced an intent to rid herself of her parental obligations (*see Matter of Corey L. v Martin L.*, 45 NY2d 383, 391 [1978]; *Matter of Joshua II.*, 296 AD2d 646, 647 [2002], *lv denied* 98 NY2d 613 [2002]). Respondent's subjective intent, unsupported by acts, is insufficient to avoid a finding of abandonment (*see* Domestic Relations Law § 111 [6] [c]). Family Court was not required to make a separate finding of respondent's intent to forego parental rights, as the statute equates the failure to visit and communicate for six months with such an intent (*see* Domestic Relations Law § 111 [2] [a]), unless properly explained (*see Matter of Anthony S.*, 291 AD2d 702, 703 [2002], *lv denied* 98 NY2d 609 [2002]; *Matter of Joshua*, 216 AD2d 749, 751 [1995], *lv denied* 86 NY2d 709 [1995]).

Respondent failed to provide a satisfactory explanation. She did not see her children for over two years, never wrote them cards or letters despite knowing their address, never sent the gifts she bought them, made a few calls but never followed up, did not attempt to obtain their phone number when it changed, never paid child support, did not follow up with their counselor who agreed to arrange for phone contact between her and the children, and never filed a petition with Family Court for a violation or modification of visitation (*compare Matter of Randi Q.*, 214 AD2d 784 [1995]). Given respondent's total failure to avail herself of the access to her children provided by Family Court, we are unpersuaded that petitioners' conduct affected respondent's lack of contact with the children (*see Matter of James Q.*, 240 AD2d 841, 843 [1997]). Under the circumstances, respondent's consent was not required for adoption.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.