■ In the Matter of JOSHUA FF., an Infant. AMBER EE. et al., Respondents; KARL DD., Appellant. [783 NYS2d 416]—

Peters, J. Appeal from an order of the Surrogate's Court of St. Lawrence County (Rogers, S.), entered February 7, 2003, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, finding that respondent's consent was not required for the adoption of Joshua FF.

Respondent is the biological father of Joshua FF. (born in 1999). On November 6, 2002, the child's biological mother, petitioner Amber EE. (hereinafter petitioner), and her spouse commenced this proceeding for an order of adoption without respondent's consent. Following a hearing at which all parties testified, respondent's consent was dispensed with on the ground of abandonment (*see* Domestic Relations Law § 111 [2] [a]; [6] [a], [b]). Respondent appeals.

To be successful here, petitioners had to establish, by clear and convincing evidence, that respondent has "evince[d] an intent to forego his . . . parental or custodial rights and obligations as manifested by his . . . failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]; *see Matter of Shauna B.*, 305 AD2d 737, 737 [2003]; *Matter of James Q.*, 240 AD2d 841, 842 [1997]; *Matter of Joshua*, 216 AD2d 749, 751 [1995], *lv denied* 86 NY2d 709 [1995]). Focusing on the relevant period, May 6, 2002 through November 6, 2002 (*see* Domestic Relations Law § 111 [2] [a]), the record fully supports the conclusion of Surrogate's Court that respondent's consent was not necessary. Respondent had not seen the child since he was 5½ months old. Aside from $70 in December 1999 and $40 in January 2000, no financial assistance was provided. During the relevant period, the child had not received any cards, gifts or telephone calls from respondent and no attempts were made to contact petitioner through other family members. Although these deficiencies could be tempered if sufficiently explained (*see Matter of Joshua II.*, 296 AD2d 646, 647 [2002], *lv denied* 98 NY2d 613 [2002]; *Matter of Joshua, supra* at 751), respondent admitted that he last spoke with petitioner in February 2002. While he, instead, focused on the extensive communications with her in March 2000, he blamed his lack of contact during the relevant period on petitioner's pattern of blocking his efforts to inquire about the child's welfare. Notably, he knew where petitioner was working, knew

the town where she and the child were residing and knew that petitioner's mother lived nearby. For these reasons, we are unpersuaded that petitioner's conduct was the basis for respondent's lack of contact with the child (*see Matter of James Q., supra* at 843; *Matter of Joshua, supra* at 751-752).

Nor do we find merit in respondent's contention that Surrogate's Court abused its discretion by not, sua sponte, appointing a law guardian pursuant to Family Ct Act § 249. Recognizing that such appointment would not be mandatory under these circumstances, the record reflects that respondent was given an ample opportunity to address any and all issues of concern (*see Matter of Joshua, supra* at 752; *Matter of Amanda*, 197 AD2d 923, 924 [1993], *lv denied* 82 NY2d 662 [1993]).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.