In the Matter of the Adoption of KATE M.K., an Infant. ALBURR K.M., JR., et al., Respondents; ROBERT W., Appellant. [803 NYS2d 490]—

Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered December 13, 2004 in an adoption proceeding. The order found that respondent had abandoned the child and permitted petitioners to file a petition for adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly dispensed with the consent of respondent to the adoption of his child on the ground of abandonment (*see* Domestic Relations Law § 111 [2] [a]; [6] [a], [b]; *Matter of Julia P.*, 306 AD2d 937 [2003]; *Matter of Jasmin E.R.*, 303 AD2d 1034 [2003]; *Matter of Ryan Paul L.*, 112 AD2d 47, 48 [1985]). Contrary to respondent's contention, the evidence establishes that respondent "evinced an intent to forego his parental rights and obligations by his failure for a period of six months to contact or communicate with the child or her mother although able to do so" (*Matter of Clair*, 231 AD2d 842, 842 [1996], *lv denied* 89 NY2d 806 [1997]), and we decline to substitute our judgment for that of Family Court in this matter. "Clear and convincing evidence of parental abandonment exists on the record before the court[,] which is more than sufficient to meet the statutory standard" that is set forth in Domestic Relations Law § 111 (2) (a) (*Ryan Paul L.*, 112 AD2d at 48). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.