■ In the Matter of KIRA OO., an Infant. MELISSA PP. et al., Respondents; NINA OO., Appellant, et al., Respondent. (And Two Other Related Proceedings.) [845 NYS2d 499]—

Kane, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered October 18, 2006, which, among other things, granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that the consent of respondent Nina OO. was not required for the adoption of her child.

In 1999, respondent Nina OO. (hereinafter the mother), at the age of 15, gave birth to a child. The mother shared joint custody with the maternal grandmother until the child was two years old. Custody was later transferred to the mother and her sister, petitioner Melissa PP. (hereinafter petitioner). The mother lived with petitioner for a time, moving out in early 2003. Petitioner and the mother alternated physical placement of the child until 2004, at which point petitioner primarily cared for the child and the mother visited but without a set schedule. In July 2005, the mother took the child for a short visit but never returned, instead taking the child to a known drug house resulting in police and court intervention. Petitioner filed a modification petition and obtained temporary custody, prompting the mother to cross-petition for custody. When the mother failed to appear, Family Court granted petitioner sole legal and physical custody, without prejudice to the mother refiling, and ordered that the child not be relocated outside the county.

In February 2006, petitioner filed a petition seeking permission to relocate with the child to a neighboring county where she and her husband intended to move. The mother cross-petitioned for custody. After a court appearance where petitioner's counsel mentioned that petitioner and her husband would soon be filing an adoption petition based on the mother's abandonment, the mother visited the child at school. Petitioner and her husband filed the adoption petition a few days later. At the conclusion of a hearing on the petitions, Family Court determined that the mother's consent to adoption was not required based on her abandonment of the child. The court then dismissed the other petitions. The mother appeals.

Family Court properly determined that the mother's consent to adoption was not required. Consent to adoption is not required of a parent who demonstrates an intent to forego parental rights "as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]; *see Matter of*

*Morgaine JJ.*, 31 AD3d 931, 932 [2006]). Parents are presumed to have the ability to communicate with the child and the child's custodian, and payment of reasonable child support is considered a substantial communication (*see* Domestic Relations Law § 111 [6] [a], [d]).

Petitioner proved by clear and convincing evidence that the mother failed to have any meaningful contact with the child or pay any support during the six months preceding the filing of the petition, thereby shifting the burden to the mother to demonstrate sufficient contact or her inability to make such contact (*see Matter of Morgaine JJ.*, 31 AD3d at 932). The mother did not adequately explain her failure to meet her parental obligations to visit and communicate with the child or custodian, so as to excuse her failures and preclude a finding of abandonment, but instead only showed a "flicker of interest" in the child (*Matter of Sara HH.*, 266 AD2d 779, 780 [1999]; *see Matter of Joshua*, 216 AD2d 749, 751 [1995], *lv denied* 86 NY2d 709 [1995]). Petitioner, her husband and the mother all testified that the mother paid no child support during the six-month period at issue. The mother did not call, write or visit the child or petitioner, her own sister, despite knowing the address and phone number. Approximately six months prior to the filing of the petition, the mother stopped by petitioner's house and was unable to see the child because she was napping. The mother did not return and had no contact with the child from that point until a few days before the adoption petition was filed, even though that period included Christmas and the child's birthday. Her contact around the time of filing consisted of an unannounced visit to the child's school where the mother had the child removed from class to see her. While this contact occurred during the relevant period, the mother only made this effort after the relocation petition was filed and petitioner's counsel declared in open court an intention to file an adoption petition alleging abandonment. This one visit appears to be "nothing more than an effort to block the adoption" (*Matter of Sergio LL.*, 269 AD2d 699, 701 [2000]).

While the mother alleges that petitioner thwarted her efforts to visit or contact the child, we give deference to Family Court's credibility determinations in favor of petitioner (*see Matter of Morgaine JJ.*, 31 AD3d at 932-933). The mother knew how to petition the court for custody or visitation, as she had done before, but she never filed a petition alleging interference with visitation or requesting a visitation schedule. She defaulted in appearance on her prior custody petition and failed to refile, despite language in the court order permitting refiling.

The mother alleges that as a matter of law she cannot be found to have abandoned the child because she filed a custody petition prior to petitioner and her husband's filing of the adoption petition. While the intent to forego parental rights is normally negated where a parent files a petition for custody or visitation prior to the commencement of adoption proceedings, such a finding is not mandated as a matter of law. Here, the mother previously defaulted on her custody petition, made no meaningful efforts to visit or contact the child or the child's custodian, and only filed a new custody petition in response to petitioner's relocation petition (*cf. Matter of Morgaine JJ.*, 31 AD3d at 933 [abandoning parent filed visitation modification petition only after other parent filed petition to terminate visitation and adoption hearing commenced]; *compare Matter of Maria S.*, 145 Misc 2d 99 [1989] [no abandonment where, prior to filing of adoption petition, parent filed visitation petition, obtained temporary order of visitation and exercised visitation pursuant to order]). Under these particular circumstances, we find that the court correctly determined that the mother's consent to adoption was not required because she abandoned the child.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.