■ In the Matter of NATHON O., an Infant. MICHAEL P., Respondent; DAVID Q., Appellant. (And Two Other Related Proceedings.) [— NYS2d —]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Tompkins County (Rowley, S.), entered September 7, 2007, which, in three proceedings pursuant to Domestic Relations Law article 7, granted petitioner's motion for summary judgment declaring that respondent's consent was not required for the adoption of the subject children.

Respondent is the biological father of Nathon O. (born in 1994), Kaitlyn O. (born in 1997) and Isaiah O. (born in 1999). In 2001, he pleaded guilty to various sex crimes perpetrated upon

his family members which resulted in a sentence of incarceration as well as an order of protection prohibiting contact or communication with the children and their mother until 2011. The mother was granted sole custody of the children in 2001, she divorced respondent in 2003, and she married petitioner in 2005. In November 2006, petitioner commenced these proceedings seeking to adopt the children. He subsequently moved for summary judgment asserting that respondent's consent for the adoptions was not necessary because respondent had abandoned the children. Surrogate's Court granted the motion and respondent appeals.*

We affirm. Petitioner, as the person asserting that respondent's consent for adoption was not necessary, had the burden to "establish, by clear and convincing evidence, that respondent has 'evince[d] an intent to for[ ]go his . . . parental or custodial rights and obligations as manifested by his . . . failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so' " (*Matter of Joshua FF.*, 11 AD3d 738, 739 [2004], *lv denied* 4 NY3d 703 [2005], quoting Domestic Relations Law § 111 [2] [a]). "Once the petitioner makes such a showing . . . , the burden shifts to the parent to demonstrate sufficient contact or an inability to engage in such contact" (*Matter of Morgaine JJ.*, 31 AD3d 931, 932 [2006]). Petitioner shifted the burden to respondent by proof that included, among other things, an affidavit from the mother stating that respondent has not had any contact with the children or provided any support for them since May 2000.

In response, respondent described some of his minimal efforts to provide support and establish contact that did not violate the protective order. However, most of those efforts occurred several years earlier and he did not detail such efforts occurring within six months of the filing of the petition. Moreover, "[i]n a case such as this one where the biological parent's inability to visit with the children results from his own deliberate acts, the underlying circumstances need not preclude a finding of a lack of contact with the children evincing an intent to abandon them" (*Matter of Joshua II.*, 296 AD2d 646, 648 [2002], *lv denied* 98 NY2d 613 [2002]; *see Matter of Julia P.*, 306 AD2d 937, 938 [2003]).

---

* The October 4, 2007 notice of appeal recited only the September 4, 2007 decision and not the September 7, 2007 order. To the extent this was error (*cf.* CPLR 5501 [c]), we agree with the urging of both parties that we treat the notice of appeal as valid and reach the merits in the interest of justice (*see Matter of Rebecca KK.*, 31 AD3d 830, 831 n [2006]).

We have considered and find unavailing respondent's contention that it was an abuse of discretion for Surrogate's Court not to appoint counsel for the children prior to deciding petitioner's motion (*see Matter of Joshua FF.*, 11 AD3d at 740).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.