In the Matter of MIA II., an Infant. THERESA JJ. et al., Respondents; MICHAEL II., Appellant. [903 NYS2d 830]—

Garry, J. Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered December 14, 2009, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of his child.

Respondent and petitioner Theresa JJ. are the unmarried biological parents of one child (born in 2002). They lived together for approximately five months following the child's birth. Theresa JJ. and the child thereafter began living with petitioner Robert JJ. Petitioners were married in July 2003 and now reside in the Village of Hudson Falls, Washington County.

In May 2009, petitioners commenced this proceeding for adoption, seeking a determination that respondent's consent is not required pursuant to Domestic Relations Law § 111. After a hearing at which petitioners and respondent testified, Family Court issued a decision on the record, followed by a written decision, concluding that, among other things, respondent's consent was not required due to his failure to have significant contact with the child. Respondent appeals.[1]

"Consent to adoption is not required of a parent who 'evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or

1. In March 2010, during the pendency of the appeal, Family Court entered an order granting the petition for adoption.

person having legal custody of the child, although able to do so' " (*Matter of Shauna B.*, 305 AD2d 737, 737 [2003], quoting Domestic Relations Law § 111 [2] [a]). A parent is presumed to have the ability to visit and communicate with the child (*see* Domestic Relations Law § 111 [6] [a]; *Matter of Kira OO.*, 45 AD3d 933, 935 [2007]). Upon this application, petitioners bore the burden of proving by clear and convincing evidence that respondent intended to forgo his parental rights and obligations (*see Matter of Nathon O.*, 55 AD3d 995, 996 [2008], *lv denied* 11 NY3d 714 [2008]; *Matter of Shauna B.*, 305 AD2d at 737-738).

Theresa JJ. testified that respondent's last visit with the child took place in 2002 and that he had never had telephone contact with the child, sent a written request to see her, paid child support in any form, or sent gifts for the child.[2] Petitioners both testified about an occasion in 2006 when respondent telephoned late at night, asking to see the child, and another occasion in 2008 when he appeared at petitioners' home early in the morning making the same request. Respondent was allegedly intoxicated on both of these occasions. Robert JJ. testified that he suggested that respondent should return when he was sober to discuss visitation, but respondent did not do so. Robert JJ. further confirmed that respondent had never provided any form of support for the child. This testimony was sufficient to meet petitioners' initial burden and to shift the burden to respondent to demonstrate that he made sufficient contact with the child or was unable to do so (*see Matter of Nathon O.*, 55 AD3d at 996; *Matter of Kira OO.*, 45 AD3d at 935).

Respondent testified that he sent numerous e-mails to Theresa JJ. asking to see the child and that he sent gifts for the child to his mother. He alleged that he saw the child five or six times in 2007, that Theresa JJ. wished to keep these alleged visits secret, that she and her mother had thwarted him from developing a relationship with the child, and that an order of protection prevented him from visiting or contacting the child. He further testified that he had commenced visitation proceedings several times, but had discontinued them each time, either because Theresa JJ. agreed to allow him to see the child or because she threatened to prosecute him for violating the order of protection if he did not do so.

In assessing these competing claims, Family Court found petitioners' testimony credible. The court further found that while respondent's feelings for his child were sincere, he was

---

**2.** Theresa JJ. also described an occasion in 2005 when she and the child accidentally encountered respondent while shopping; she stated that no meaningful contact between respondent and the child took place.

"all too willing to make excuses for failing to raise his daughter." According the appropriate deference to these determinations (*see Matter of Kira OO.*, 45 AD3d at 935; *Matter of Morgaine JJ.*, 31 AD3d 931, 933 [2006]), we find that the court properly determined that respondent's consent to the adoption was not required. The apparent sincerity of respondent's feelings for the child does not prevent this determination. Subjective intent, "unsupported by acts, is insufficient to avoid a finding of abandonment" (*Matter of Shauna B.*, 305 AD2d at 738; *see* Domestic Relations Law § 111 [6] [c]). Respondent failed to take action to develop a relationship with his child, and focused his testimony on blaming Theresa JJ. and others for allegedly thwarting his efforts (*see Matter of Joshua FF.*, 11 AD3d 738, 739 [2004], *lv denied* 4 NY3d 703 [2005]; *Matter of Randi Q.*, 214 AD2d 784, 786 [1995]). Family Court found these claims unpersuasive, and we agree.

As to respondent's claim that the order of protection prevented him from forming a relationship with the child, no protective order applicable to the child was in effect before December 2008,[3] yet respondent had essentially no contact with the child after 2002 and never provided support for her. Moreover, as Family Court observed, respondent did not seek the aid of the court to modify the 2008 order of protection, and he abandoned a visitation petition that he filed after the family offense proceedings that led to the order of protection were commenced. To the extent that the order of protection did interfere with respondent's ability to contact the child during the six-month period immediately before the commencement of the adoption proceeding, a finding of abandonment is not precluded "where the biological parent's inability to visit with the children results from his own deliberate acts" (*Matter of Joshua II.*, 296 AD2d 646, 648 [2002], *lv denied* 98 NY2d 613 [2002]; *see Matter of Nathon O.*, 55 AD3d at 996). Thus, respondent's consent for the child's adoption was not required.

Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** At least one protective order barring contact between respondent and the child's maternal grandmother was apparently in effect before 2008.