# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

730

CAF 13-00323

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANASTASIA I.
------------------------------------------
SVETLANA T. AND WAYNE COUNTY DEPARTMENT OF      MEMORANDUM AND ORDER
SOCIAL SERVICES, PETITIONERS-RESPONDENTS;

AARON M.I., RESPONDENT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT.

ELIZABETH A. SAMMONS, WILLIAMSON, FOR PETITIONER-RESPONDENT SVETLANA T.

GARY LEE BENNETT, LYONS, FOR PETITIONER-RESPONDENT WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES.

NANCY M. LORD, ATTORNEY FOR THE CHILD, LYONS.

---

Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered February 11, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, committed guardianship and custody of the subject child to petitioner Svetlana T. and authorized Svetlana T. to consent to the adoption of the subject child without the consent of or further notice to respondent.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, respondent's motion is granted and the petition is dismissed.

Memorandum: Petitioner Svetlana T. (mother) commenced this proceeding seeking to terminate the parental rights of respondent father pursuant to Social Services Law § 384-b. Before answering, the father moved to dismiss the petition, contending, inter alia, that section 384-b did not apply because the child was neither a "destitute" nor a "dependent" child as those terms are defined by Social Services Law article 6. Subsequent to the father's motion, the Wayne County Department of Social Services (DSS) orally moved to intervene and to amend the petition to be added as a copetitioner. DSS also moved for an order determining that it was not required to engage in any reasonable efforts to reunite the father with the child. The mother opposed the father's motion to dismiss, and she requested that the motion of DSS be granted and that her petition terminating the father's parental rights be granted. Family Court granted the motion of DSS and granted "[p]etitioners [sic] . . . motion for summary judgment," thereby terminating the father's parental rights,

committing guardianship and custody of the child to the mother and ordering that the mother was authorized and empowered to consent to the adoption of the child without the consent of or further notice to the father.  We now reverse.

Social Services Law § 384-b is entitled "Guardianship and custody of *destitute* or *dependent* children; commitment by court order; modification of commitment and restoration of parental rights" (emphasis added).  A destitute child is defined as a child "who is in a state of want or suffering due to lack of sufficient food, clothing, shelter, or medical or surgical care," does not fit within the definition of an abused or neglected child and is without any parent or caretaker; "a child who is . . . absent from his or her legal residence without the consent of his or her parent, legal guardian or custodian"; "a child . . . who is without a place of shelter where supervision and care are available;" or "a person who is a former foster care youth under the age of twenty-one who was previously placed in the care and custody of [DSS] . . . and who was discharged from foster care . . . , [and] who has returned to foster care" (§ 371 [3] [a] – [d]).  A dependent child is defined as "a child who is in the custody of, or wholly or partly maintained by an authorized agency or an institution, society or other organization of charitable, eleemosynary, correctional, or reformatory character" (§ 371 [7]).  It is indisputable that the subject child is neither a destitute nor a dependent child.  Social Services Law § 384-b is thus inapplicable to the child and may not be invoked by either the mother or DSS as a means to terminate the father's parental rights.  We therefore reverse the order and grant the father's motion to dismiss the petition.  We note, however, that our determination does not leave the mother without a remedy.  She may seek to dispense with the father's consent to adoption pursuant to Domestic Relations Law § 111 (2) (a) (*see Matter of Julia P.*, 306 AD2d 937, 937-938; *see also Matter of Nathon O.*, 55 AD3d 995, 995-996, *lv denied* 11 NY3d 714; *Matter of Joshua II.*, 296 AD2d 646, 647-648, *lv denied* 98 NY2d 613).

Based on our resolution of this case, we see no need to address the father's remaining contentions.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court