■ In the Matter of the Adoption of BABY GIRL R. ERIC U., Appellant; PATRICIA V. et al., Respondents. — Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered January 18, 1984, which dismissed petitioner's application for a declaration of paternity and an order granting him custody of Baby Girl R.

On January 6, 1983, Baby Girl R. was born to an unmarried 15-year-old mother. Prior to the birth, the mother had consulted with others and had determined that she would place the child for private adoption immediately after birth. On January 7, 1983, the mother went to the chambers of the Montgomery County Judge and, with the declared consent of her mother-guardian, executed an irrevocable consent to the adoption of the child. The proposed adoptive parents immediately took custody. Subsequently, the mother moved in Family Court to annul her consent, which motion was denied. During proceedings preliminary to the determination of the motion, Family Court discovered the identity of the apparent biological father, petitioner herein, and directed that he be placed on notice as to the adoption proceedings. On May 25, 1983, petitioner filed a notice of paternity of Baby Girl R. with the Montgomery County Department of Social Services putative father registry and, in the adoption proceeding, counterpetitioned Family Court for an order declaring his paternity and granting him custody of the child. Prior to the adoption hearing, Family Court ruled that

petitioner had no standing to contest the adoption upon the basis of the failure to obtain his consent. However, petitioner was granted the right to contest the adoption upon the basis of the best interest of the child. The record is most indicative of the fact that Family Court assumed that petitioner was the biological father of the child. After a hearing, Family Court granted the adoption by the proposed adoptive parents who had had custody since the day after birth. After granting the adoption, Family Court dismissed petitioner's counterpetition upon the ground of mootness.

Petitioner was apparently 17 years of age at the time conception took place. There had been no personal contact between petitioner and the mother of the child from a point in time prior to the mother's discovery of her pregnancy until, at least, a month or two after the child's birth.

From the notice of appeal, we are not certain whether an appeal is taken from the order dismissing the petition or the order granting the adoption. But, because the two orders are interrelated and because the order dismissing the petition is dependent upon the validity of the order of adoption, we must consider both orders. We conclude that the order of adoption was valid in all respects. The consent of the mother was adjudicated to be valid and contrary to petitioner's contention, no appeal has been taken from that ruling. Petitioner, by his own admission, does not qualify as a person whose consent is required by section 111 (subd 1, par [e]) of the Domestic Relations Law. At the hearing, there was a preponderance of evidence supporting the application of the proposed adoptive parents. They were mature, intelligent, caring, loving, disciplined and responsible parents with above average means of support. The adoptive mother was physically unable to bear a natural child because of a hysterectomy. Upon being notified that this child was to be placed with her for adoption, she resigned her position of employment to devote full time and attention to the child.

On the other hand, petitioner was 19 years of age at the time of the adoption hearing, unmarried and residing with his disabled father, who was separated from his wife. He was working as a clerk in a supermarket for $4 an hour. No *de facto* family relationship had ever existed between him and the mother of the child. He did not claim any plans for a future marriage or other type of family relationship with the child's mother. We consider that Family Court's decision was most provident.

Once the adoption is granted, "the natural parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such

adoptive child" (Domestic Relations Law, § 117). Consequently, the counterpetition for a determination of parentage and an order of custody became moot.

The argument advanced by petitioner for the first time on appeal is essentially a challenge of the constitutionality of section 111 (subd 1, par [e]) of the Domestic Relations Law. We find nothing in the record to indicate that it was raised before Family Court and certainly not in such recognizable form as to alert the court to place the Attorney-General on notice (see Executive Law, § 71; CPLR 1012). In any event, there is no merit in petitioner's argument (*Matter of "Female" D.,* 83 AD2d 833).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.