■ In the Matter of MORGAINE JJ., an Infant. MATTHEW LL., Respondent; MICHAEL KK., Appellant. (Proceeding No. 1.) In the Matter of MICHAEL KK., Appellant, v HEIDI LL., Respondent. (Proceeding No. 2.) [818 NYS2d 345]—

Kane, J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered May 27, 2005, which granted petitioner's application, in proceeding No. 1 pursuant to Domestic Relations Law article 7, to find, inter alia, that respondent's consent was not required for the adoption of his child, and (2) from an order of said court, entered September 15, 2005, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

Michael KK. (hereinafter the father) and respondent Heidi LL. (hereinafter the mother) are the biological parents of Morgaine JJ. (born in 1994). Petitioner Matthew LL. is the mother's current husband. Matthew LL. commenced proceeding No. 1 seeking to adopt the child. Following a hearing, Family

Court determined that the father's consent was not required because he had abandoned the child. In proceeding No. 2, where the mother filed a petition to terminate the father's visitation and the father cross-petitioned for a modification of the prior visitation order, the court entered a temporary order suspending that visitation. After approving the child's adoption by Matthew LL., the court dismissed the father's petition, without a hearing, based on his lack of standing. The father appeals from both orders.

Initially, the fugitive disentitlement doctrine does not mandate dismissal of the father's appeals. That doctrine permits a court to dismiss civil appeals where " 'the party seeking relief is a fugitive while the matter is pending,' " provided that there is a nexus between the appellant's fugitive status and the matter being appealed (*Matter of Skiff-Murray v Murray*, 305 AD2d 751, 752 [2003], quoting *Degen v United States*, 517 US 820, 824 [1996]; *see Matter of Joshua M. v Dimari N.*, 9 AD3d 617, 619 [2004]). Because the record does not contain adequate proof that the father is a fugitive, the doctrine cannot be used here to dismiss his appeals.

Family Court properly determined that the father's consent to the adoption was not required. Consent to an adoption is not required of a parent who evinces an intent to forgo parental rights and obligations "as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]). Once the petitioner makes such a showing by clear and convincing evidence, the burden shifts to the parent to demonstrate sufficient contact or an inability to engage in such contact. The ability to visit and communicate with the child and the person having legal custody is presumed (*see* Domestic Relations Law § 111 [6] [a]). Payment of reasonable child support is considered a substantial communication (*see* Domestic Relations Law § 111 [6] [d]).

Here, the father acknowledged that he had not seen the child for approximately one year prior to the filing of the adoption petition and had not spoken to the child or the mother within the six-month period. No cards, letters or gifts were sent within that time period. He made no payments of child support, despite a court order, for over 2½ years prior to commencement of the adoption proceeding. By submitting this evidence, Matthew LL. met his burden (*see Matter of Joshua II.*, 296 AD2d 646, 647-648 [2002], *lv denied* 98 NY2d 613 [2002]).

While the father alleged that his efforts to visit or contact the

child were obstructed by the mother and Matthew LL., we give deference to Family Court's credibility determinations in that regard (*see Matter of Anonymous*, 20 AD3d 562, 562 [2005], *lv dismissed* 6 NY3d 824 [2006]). The mother suspended visitation when she learned of the father's drug arrest in California and allegations of domestic violence against his current wife. She did not commence a court proceeding because she did not know where the father resided and he would not disclose his location to her. Instead, she sent a letter to his mother, who was the court-ordered supervisor of his visits, inviting the father to make application to the court if he disagreed with her temporary suspension of visits. Although we do not encourage parents to take such self-help measures, under the circumstances cessation of visitation was a result of the father's own conduct (*compare Matter of Joshua II., supra* at 648), including his refusal to provide the mother or child with any way to contact him, and the invitation to initiate court proceedings would have provided a forum for him to explain his current circumstances. The father did not file a visitation modification petition until after the adoption hearing commenced and after the mother filed a petition to terminate his visitation. His payment of approximately $28,000 in child support arrears at a court appearance nine months after the commencement of the adoption proceeding was too late to be considered substantial communication within the six-month period (*cf. Matter of Taylor O.P.*, 303 AD2d 1024 [2003]). A parent's subjective intent to continue the parental relationship is insufficient to require consent if unsupported by evidence of acts manifesting that intent (*see* Domestic Relations Law § 111 [6] [c]). As we are unpersuaded that the father's attempts to maintain contact with his child were thwarted, but instead that his efforts were nonexistent during the relevant six-month period, his consent to the adoption was unnecessary because he abandoned his child (*see Matter of Joshua FF.*, 11 AD3d 738, 739-740 [2004], *lv denied* 4 NY3d 703 [2005]; *Matter of Randi Q.*, 214 AD2d 784, 786 [1995]).

Based on Family Court's familiarity with this family, including presiding over previous visitation matters and a recent grandparent visitation proceeding, the court was in a position to temporarily suspend the father's visitation without a hearing while the adoption hearing proceeded (*see Matter of Fraczek v Syczyk*, 298 AD2d 652, 653 [2002]). The court reasonably determined that such a temporary order was in the child's best interest considering the father's lengthy absence from her life and the possibility of her impending adoption. After the adoption was granted, the father's parental rights ceased and he lacked standing to prosecute a visitation petition (*see* Domestic

Relations Law § 117 [1] [a]; *Matter of Baby Girl R.*, 105 AD2d 575, 576-577 [1984], *lv denied* 64 NY2d 603 [1985]). Thus, the court properly dismissed that petition.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.