In the Matter of ZACHARY N., an Infant. PAUL N. et al., Respondents; HOPE N., Appellant. [910 NYS2d 184]—

Garry, J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered June 23, 2008, which, among other things, granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of Zachary N.

Respondent (hereinafter the mother) is the biological mother of one child, who was born in 1997. The child has lived with petitioners, his paternal grandparents, since 1999 pursuant to an order that granted primary physical custody to petitioners and joint custody to petitioners and the mother. In September

---

2007, petitioners applied pursuant to Domestic Relations Law § 115 (1) (b) for an order waiving the preadoption certification requirements of Domestic Relations Law § 115-d. The mother opposed the application and commenced modification and violation proceedings. In January 2008, petitioners filed a second waiver application and commenced an adoption proceeding pursuant to Domestic Relations Law article 7. The mother filed an answer objecting to the adoption and alleging interference. After a hearing, Family Court found that the mother had abandoned the child, that her consent to the adoption was not required, and that petitioners had shown good cause to waive the preadoption certification requirement.[1] The mother appeals.

To establish that the mother's consent to the adoption was not required, it was petitioners' burden to show by clear and convincing evidence that the mother had demonstrated an intent to forgo her parental or custodial rights and obligations, as revealed by her failure to visit or communicate with the child or the legal custodian for a six-month period, despite being able to do so (see Domestic Relations Law § 111 [2] [a]; Matter of Nathon O., 55 AD3d 995, 996 [2008], lv denied 11 NY3d 714 [2008]). Upon this application, the parent is presumed to have the ability to visit and communicate with the child (see Domestic Relations Law § 111 [6] [a]; Matter of Kira OO., 45 AD3d 933, 935 [2007]). Petitioners met their burden by testifying that the mother had never provided financial support for the child, had not telephoned him since May 2000, had not visited him since December 2001, and had not sent cards or gifts or contacted him at any time thereafter.

The burden thus shifted to the mother "to demonstrate sufficient contact or an inability to engage in such contact" (Matter of Morgaine JJ., 31 AD3d 931, 932 [2006]). The mother conceded that she had no contact with the child for a period of almost seven years, but claimed that petitioner Erika N. (hereinafter the grandmother) had hindered the relationship by restricting her visitation and later refusing her requests for visits. The mother testified that she had tried to arrange visits with the child by telephoning petitioners, but her calls were not returned. She stated that she could not communicate with the child by mail because she did not know petitioners' mailing address, and that although she knew their street address, no one was at home when she attempted to deliver gifts. She testified that the grandmother refused her offers to provide financial support, and the child's father had warned her in 2003 that she would go to jail if she continued to telephone petitioners. The

---

1. The child's father executed an extrajudicial consent to the adoption.

grandmother testified, however, that the mother never offered to provide financial support for the child, petitioners received no telephone calls or messages from her after 2001, and the grandmother had never refused to allow visits. The grandmother further testified that she had provided the mother with her mailing address; a mailing address listed by the mother for petitioners on a 1999 custody modification petition was correct and unchanged.

We accord deference to Family Court's determination that petitioners' testimony was credible and the mother's testimony was not (*see id.* at 932-933). As the court noted, the mother was aware of her ability to file petitions in Family Court for the purpose of protecting her relationship with the child, but did not do so at any time between 1999 and 2007. The proceedings she commenced after petitioners filed their initial application for waiver "appear[ ] to be 'nothing more than an effort to block the adoption' " (*Matter of Kira OO.*, 45 AD3d at 935, quoting *Matter of Sergio LL.*, 269 AD2d 699, 701 [2000]), at most a "flicker of interest" insufficient to preclude a finding of abandonment (*Matter of Kira OO.*, 45 AD3d at 935 [internal quotation marks and citations omitted]; *see Matter of Amy SS*, 64 NY2d 788, 790 [1985]).[2]

The mother's speculative contention that the attorney for the child improperly failed to address the child's preferences is not pertinent even if it were supported by the record, as the issue of abandonment relates solely to parental conduct. While the child's best interests are ultimately essential to approval of the adoption, they are not pertinent to this threshold inquiry (*see Matter of Corey L v Martin L*, 45 NY2d 383, 391 [1978]).[3] Family Court correctly found that the mother evinced the requisite intent to forgo her parental rights and obligations for a period including the requisite six months and, indeed, exceeding six years, and that her consent to the adoption was therefore not required.

---

**2.** The appellate attorney for the child asserts that during the divorce proceedings, which were not made part of this record, Supreme Court (Cortese, J.) ordered the mother (through her attorney) not to visit or communicate with the child until the issue of custody was resolved. While this alleged order was in effect during a portion of the relevant period, the mother would not have been barred from contacting petitioners (*see Matter of Brittany S.*, 24 AD3d 1298, 1299 [2005], *lv denied* 6 NY3d 708 [2006]), nor does this account for the lack of contact with the child during the remaining portion of the statutory period.

**3.** The child's preferences will be addressed before the adoption is finalized, in light of his age (*see Matter of Hyacinth Angela W.*, 8 AD3d 129, 130 [2004]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.