■ In the Matter of LORI QQ., Appellant, v JASON OO., Respondent. (Proceeding No. 1.) In the Matter of KAYLEE OO., an Infant. DEBRA OO., Respondent; LORI QQ., Appellant. (Proceeding No. 2.) [987 NYS2d 652]—

Lahtinen, J.P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 9, 2013, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of her child.

Lori QQ. (hereinafter the mother) is the biological parent of a child born in 2007. The mother had little contact with the child after the child's first year of life. The child resided with the paternal grandmother from 2008 to August 2010 and, thereafter, with the biological father, respondent Jason OO. (hereinafter the father), and his spouse, petitioner Debra OO. (hereinafter petitioner). In October 2011, the mother consented to the father having sole legal and physical custody, and also consented to a two-year protective order prohibiting her from contact with the child or father. However, under the agreed terms, the mother could apply for visitation upon obtaining a psychological evaluation as well as an alcohol and substance abuse evaluation, and following the recommended treatment. In October 2012, the mother commenced the first of these proceedings seeking visitation and petitioner commenced the second proceeding seeking to adopt the child without the mother's consent. After a hearing, Family Court rendered a detailed written decision dismissing the mother's petition and granting petitioner's application. The mother appeals.

"Consent to adoption is not required of a parent who 'evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so' " (*Matter of Shauna B.*, 305 AD2d 737, 737 [2003], quoting Domestic Relations Law § 111 [2] [a]; *see Matter of Zachary N. [Paul N.—Hope N.]*, 77 AD3d 1116, 1117 [2010]). "Once the petitioner makes such a showing by clear and convincing evidence, the burden shifts to the parent to demonstrate sufficient contact or an inability to engage in such contact" (*Matter of Morgaine JJ.*, 31 AD3d 931, 932 [2006]; *see Matter of Nathon O.*, 55 AD3d 995, 996 [2008], *lv denied* 11 NY3d 714 [2008]).

Petitioner's initial burden was satisfied, as the record fully supports Family Court's finding that the mother's drug and alcohol abuse led her to have "very limited contact" with the child beginning in 2008 and she had no contact after August 2010, although she did file a visitation petition in April 2011 while incarcerated. The burden shifted to the mother and, contrary to her contention, the fact that a protective order was in place as of October 2011 does not, under the circumstances, provide an acceptable reason for the continued lack of contact. First, the protective order was entered on the mother's consent. More significantly, Family Court provided an avenue for her to obtain supervised visitation if she sought treatment for her acute drug and alcohol problems. Indeed, Family Court offered to have the necessary appointments made for the mother. She admittedly rejected that offer and instead continued to abuse drugs and alcohol until at least June 2012, when she finally sought some treatment. Moreover, although the paternal grandmother had been cooperative in assisting the mother regarding the child and the grandmother was not included in the protective order, the mother made no effort to glean any information from the grandmother regarding the child. The record not only reflects that the mother failed to demonstrate an acceptable reason for the absence of contact or communication for over six months, but also that the impediments contributing to such absence of contact resulted from the mother's own acts and lack of effort (*see Matter of Nathon O.*, 55 AD3d at 996; *Matter of Joshua II.*, 296 AD2d 646, 648 [2002], *lv denied* 98 NY2d 613 [2002]).

McCarthy, Rose, Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.