*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    519744
_____

In the Matter of EMMA K.,
    an Infant.

WENDY I. et al.,
                    Respondents;

MATTHEW K.,
                    Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of LUCAS K.,
    an Infant.

WENDY I. et al.,
                    Respondents;

MATTHEW K.,
                    Appellant.

(Proceeding No. 2.)
_____


Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

—————————

        Teresa C. Mulliken, Harpersfield, for appellant.

        Harlem & Jervis, Oneonta (Eric V. Jervis of counsel), for
respondents.

        Rosemarie Richards, Gilbertsville, attorney for the
children.

—————————

Rose, J.

Appeal from an order of the Surrogate's Court of Delaware County (Becker, S.), entered July 17, 2014, which granted petitioners' applications, in two proceedings pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of the children.

Petitioner Wendy I. (hereinafter the mother) and respondent Matthew K. (hereinafter the father) are former spouses and the biological parents of two children, Lucas K. (born in 2002) and Emma K. (born in 2004). The mother and the father separated in 2008 and obtained a judgment of divorce in 2010. In 2011, the mother married petitioner Terrance J. (hereinafter the stepfather) and, in 2014, petitioners commenced these proceedings seeking to adopt the children without the father's consent on the ground that the father had abandoned the children for more than six months. After a hearing, at which both petitioners and the father testified, Surrogate's Court granted petitioners' applications, prompting this appeal by the father.

We affirm. Where, as here, a nonparent seeks to adopt children born in wedlock, the consent of the children's biological parents ordinarily is required (see Domestic Relations Law § 111 [1] [b]). However, the need for parental consent is obviated when the petitioners "show by clear and convincing evidence that the [respondent parent] had demonstrated an intent to forgo [his or] her parental or custodial rights and obligations, as revealed by [the] failure to visit or communicate with the child[ren] or the legal custodian for a six-month period, despite being able to do so" (Matter of Zachary N. [Paul N.–Hope N.], 77 AD3d 1116, 1117 [2010]; see Matter of Lori QQ. v Jason OO., 118 AD3d 1084, 1084 [2014], lv denied 23 NY3d 909 [2014]; see also Domestic Relations Law § 111 [2] [a]). Absent evidence to the contrary, a parent's ability to engage in such visitation and/or communication is presumed (see Domestic Relations Law § 111 [6] [a]; Matter of Morgaine JJ., 31 AD3d 931, 932 [2006]).

At the hearing, the mother testified that the father had

not seen the children since 2009 and had not spoken to them by telephone since 2010. While the father testified that he valued and loved his children, he did not dispute the mother's chronology of his absence from their lives, and he fully acknowledged that he had made no effort to contact them or the mother since 2012. Despite the father's professed feelings for the children, his "[s]ubjective intent, unsupported by acts, is insufficient to avoid a finding of abandonment" (Matter of Mia II. [Theresa JJ.—Michael II.], 75 AD3d 722, 724 [2010], lv denied 15 NY3d 710 [2010] [internal quotation marks and citation omitted]; see Domestic Relations Law § 111 [6] [c]).

To rebut "the presumption of abandonment that normally arises in such circumstances" (Matter of Anthony S., 291 AD2d 702, 703 [2002], lv denied 98 NY2d 609 [2002]; see Matter of Lori QQ. v Jason OO., 118 AD3d at 1084), the father claims that he was unable to visit or contact his children due to his ongoing struggles with depression and alcoholism, for which he intermittently sought treatment between 2009 and 2012. This argument fails, however, because he offered no proof that the programs in which he participated prevented or even discouraged contact with the children (compare Matter of Jonna H., 252 AD2d 839, 840 [1998], with Matter of Ethan S. [Tarra C.—Jason S.], 85 AD3d 1599, 1600 [2011], lv denied 17 NY3d 711 [2011]). A similar lack of proof requires us to reject the father's alternative argument that he avoided his children because the mother intimidated him. We note that, had he genuinely felt that the mother was in some way interfering with his access to the children, he could have sought the aid of Family Court (see Matter of Mia II. [Theresa JJ.—Michael II.], 75 AD3d at 724; Matter of Shauna B., 305 AD2d 737, 738 [2003]). In our view, the father's conduct clearly and convincingly evinced an intent to forgo his parental rights and obligations.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court