*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                   518421
_____

In the Matter of HAYDEN II.,
    an Infant.

RENEE II.,                                    MEMORANDUM AND ORDER
                    Respondent;

DEVAN JJ.,
                    Appellant.
_____

Calendar Date:  November 20, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Robert W. Linville, Public Defender, Hudson (Jessica Howser of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for respondent.

        Alexander W. Bloomstein, Hillsdale, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered April 30, 2013, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of Hayden II.

        Respondent and Matthew II. (hereinafter the father) are the biological parents of a child (born in 2008).  Due to respondent's substance abuse, in July 2011 the child began residing with her father and petitioner, the father's significant other at the time.  In January 2012, the child was adjudicated to

be neglected (based upon certain admissions made by respondent), and respondent entered into substance abuse treatment. Respondent subsequently absconded from the facility where she was being treated, as a result of which she was incarcerated in the local jail from (approximately) September 27, 2012 to February 22, 2013.

Shortly thereafter, petitioner and the father, who have two children together, married and, on March 5, 2013, petitioner commenced this proceeding seeking to adopt the child. In so doing, petitioner alleged that respondent had abandoned the child and, therefore, respondent's consent was not required. Following a hearing, Family Court agreed and, after further proceedings, granted the underlying petition. This appeal by respondent ensued.[1]

Preliminarily, respondent purports to appeal from Family Court's December 2013 bench decision — from which no appeal lies (see Render v Gizzo, 129 AD3d 1488, 1489 [2015]; Matter of Alysheionna HH. [Tara II.], 101 AD3d 1413, 1414 n 2 [2012], lv denied 20 NY3d 861 [2013]). That said, we are in receipt of Family Court's January 2014 order approving the adoption, and the parties have briefed the merits of the appeal. Accordingly, we will deem respondent's otherwise premature notice of appeal to be valid (see Matter of Isabella TT. [Dalton C.], 127 AD3d 1330, 1331-1332 [2015], lv denied 25 NY3d 913 [2015]). Additionally, to the extent that respondent contends that the underlying petition should have been dismissed for failing to comply with the service requirements set forth in CPLR 306-b, after reviewing Domestic Relations Law § 111 and giving due consideration to the legislative goals and policies underlying the statutory provisions at issue, we are satisfied that Family Court properly declined to dismiss the petition upon this ground (cf. Matter of Marilyn S., 233 AD2d 155, 156 [1996]).

Turning to the merits, "[c]onsent to adoption is not required of a parent who evinces an intent to forego his or her

---

[1] Respondent's motion for a stay pending appeal was denied by a Justice of this Court.

parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child <u>or person having legal custody of the child</u>, although able to do so" (<u>Matter of Lori QQ. v Jason OO.</u>, 118 AD3d 1084, 1084 [2014] [internal quotation marks and citations omitted; emphasis added], <u>lv denied</u> 23 NY3d 909 [2014]; <u>see Matter of Zachary N. [Paul N.–Hope N.]</u>, 77 AD3d 1116, 1117 [2010]). "Once the petition[ing party] makes such a showing by clear and convincing evidence, the burden shifts to the parent to demonstrate sufficient contact or an inability to engage in such contact" (<u>Matter of Lori QQ. v Jason OO.</u>, 118 AD3d at 1084 [internal quotation marks and citations omitted]; <u>see Matter of Nathon O.</u>, 55 AD3d 995, 996 [2008], <u>lv denied</u> 11 NY3d 714 [2008]). Notably, the mere fact that a parent is incarcerated does not relieve him or her of the "obligation to make contact and to support the child" (<u>Matter of Maurice N. [Carlos O.]</u>, 128 AD3d 1117, 1118 [2015]), and a parent's "[s]ubjective intent, unsupported by acts, is insufficient to avoid a finding of abandonment" (<u>Matter of Mia II. [Theresa JJ.–Michael II.]</u>, 75 AD3d 722, 724 [2010] [internal quotation marks and citation omitted], <u>lv denied</u> 15 NY3d 710 [2010]; <u>accord Matter of Emma K. [Wendy I.–Matthew K.]</u>, 132 AD3d 1111, 1112 [2015]).

Here, petitioner, the father and a caseworker from the local department of social services each testified that, during the relevant six-month period, respondent failed to inquire — via either mail or telephone — as to the child's well-being. Petitioner and the father further testified that, during this same period of time, they did not receive any cards, letters or gifts on behalf of the child, nor did respondent provide any financial support. Such testimony, in our view, was more than sufficient to discharge petitioner's initial burden in this proceeding, thereby shifting the burden to respondent to establish either sufficient contact with the child or an inability to do so.

In opposition, respondent conceded that she "did not have any contact with anybody" regarding the child during the six months at issue — claiming instead that she was precluded from contacting the child due to an outstanding order of protection, that she lacked the financial resources to support the child and

that she was unable to place telephone calls while she was incarcerated. Such assertions, however, fall short of adequately explaining her failure to meet her parental obligations by, at the very least, sending a letter to the father and inquiring as to the child's welfare. On this point, although there indeed was a no-contact order of protection in place during the relevant time period, which precluded respondent from contacting the child directly, nothing in the order of protection prevented her from contacting either the father or the child's caseworker. Similarly, even accepting respondent's claims of indigence and her assertion that she was not permitted to place phone calls while she was incarcerated, she acknowledged that she had access to a pen and paper while she was in jail, which she admittedly did not utilize to inquire as to her child's well-being. Additionally, although respondent testified that she had contact with and/or was receiving financial support from family members and friends before, during and after her incarceration, she conceded that she never asked any of these individuals for so much as a stamp in order to facilitate an inquiry regarding her child. Under these circumstances, we have no quarrel with Family Court's finding that respondent abandoned her child and, therefore, her consent to the adoption was not required. Indeed, even if we were to expand our inquiry beyond the six-month period considered by Family Court, respondent's proffered proof would — at best — demonstrate "a flicker of interest" in her child (Matter of Amy SS, 64 NY2d 788, 790 [1985] [internal quotation marks and citation omitted]), which is insufficient to defeat the underlying petition. Respondent's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court