McCarthy, J.P.
Appeals (1) from an order of the Family Court of Chemung County (Tarantelli, J.), entered June 25, 2015, which dismissed petitioner’s application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of visitation, and (2) from an order of said court, entered June 25, 2015, which granted petitioner’s application, in proceeding No. 2 pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of the child.
Amanda EE. (hereinafter the mother) and Nicholas FF. (hereinafter the father) are the biological parents of Reilly FF. (born in 2007). In the early years of the child’s life, he resided with the mother and the father at the home of Darryl FF., the paternal grandmother. The mother moved out of that home sometime before 2011. After the mother moved out, the child apparently continued to reside with the father for some time and the mother visited with the child at the maternal great-grandparents’ home every other weekend. These visits ceased when the mother was incarcerated in 2012. The father and the child moved out of the paternal grandmother’s home, and the child has since resided with the father and the father’s wife, Desirae FF. (hereinafter the adoptive mother). In August 2014, the mother commenced proceeding No. 1 for modification of a November 2012 order, alleging a change in circumstances since that prior order, which had, among other things, granted sole legal custody to the father with visitation to the mother. Thereafter, the adoptive mother commenced proceeding No. 2 seeking to adopt the child, alleging that the mother had abandoned him. Following a hearing on the visitation and adoption petitions, Family Court found that the mother had abandoned the child. The court subsequently entered two orders; one dismissed the visitation petition and the other declared that the mother had evinced an intent to forgo her *1428 parental rights and that, therefore, her consent to adoption was unnecessary. The mother appeals from both orders.*
“[C]onsent to adoption is not required of a parent who evinces an intent to [forgo] his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so” (Matter of Hayden II. [Renee II.—Devan JJ.], 135 AD3d 997, 998 [2016] [internal quotation marks, emphasis and citations omitted], lv denied 27 NY3d 904 [2016]; accord Matter of Lori QQ. v Jason OO., 118 AD3d 1084, 1084 [2014], lv denied 23 NY3d 909 [2014]). Petitioner must make this showing by clear and convincing evidence, at which point “the burden shifts to the parent to demonstrate.sufficient contact or an inability to engage in such contact” (Matter of Hayden II. [Renee II.— Devan JJ.], 135 AD3d at 998 [internal quotation marks omitted]). A parent is presumed to have the ability to contact his or her child (see Domestic Relations Law § 111 [6] [a]; Matter of Zachary N. [Paul N.—Hope N.], 77 AD3d 1116, 1117 [2010]).
The mother conceded in her testimony that her last visit with the child was before November 2012 and that she had also not provided any financial support for the child since that time. The mother contended that she attempted to communicate with the child during a period of incarceration in 2012 by directing letters to the paternal grandmother with instructions to forward the letters to the child. The mother introduced no further evidence to corroborate these claims and the paternal grandmother testified that she received no such letters. The father and adoptive mother also testified that, after November 2012, they did not receive any cards or letters from the mother. Family Court found that the mother’s claims that she attempted to contact the child through the paternal grandmother were incredible. Given that the mother had an available means to attempt to contact the child—her ability to contact the paternal grandmother at an address where the mother had previously lived—and had failed to take any steps to avail herself of that opportunity, it is of no moment that other means of contacting the child were not available based on the father moving to a different address and changing his phone number; those impediments cannot explain the mother’s failure to make even minimal efforts to attempt to contact the *1429 child through the paternal grandmother. Accordingly, deferring to Family Court’s credibility assessments, we find no reason to disturb the court’s determination (see Matter of Joshua FF., 11 AD3d 738, 739-740 [2004], lv denied 4 NY3d 703 [2005]; Matter of Shauna B., 305 AD2d 737, 737-738 [2003]; see generally Matter of Annette B., 4 NY3d 509, 512-515 [2005]). The mother’s remaining contentions have been considered and are found to be without merit.
Lynch, Devine, Mulvey and Aarons, JJ., concur.
Ordered that the orders are affirmed, without costs.

 The mother does not make any contentions in her brief that specifically challenge the order dismissing her visitation petition, thereby abandoning any challenge to that order (see Matter of Iyanna KK. [Edward KK.], 141 AD3d 885, 886 [2016]).