Matter of Ronda A. v Jennifer A. (2024 NY Slip Op 00959)

Matter of Ronda A. v Jennifer A.

2024 NY Slip Op 00959

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-23-0283
[*1]In the Matter of Ronda A., Respondent,
v
Jennifer A., Respondent, and Robert B., Appellant.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Trevor W. Hannigan, Albany, for Ronda A., respondent.
Kenneth M. Tuccillo, Hastings on Hudson, for Jennifer A., respondent.
Betty J. Potenza, Milton, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Ulster County (Keri E. Savona, J.), entered January 26, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.
Respondent Jennifer A. (hereinafter the mother) and respondent Robert B. (hereinafter the father) are the parents of the subject child (born in 2013). The father and the mother lived together when the child was born, however the mother moved out six months later, taking the child with her. They coparented the child through an informal agreement until April 2019, when the mother's boyfriend allegedly punched the child in the nose and mouth. The child then sought refuge with petitioner, the child's maternal grandmother, and the grandmother subsequently obtained a temporary order of custody in July 2019. The order, in relevant part, allowed the father supervised parenting time as agreed to between himself and the grandmother.[FN1] The child lived with petitioner under this arrangement for the ensuing 39 months. The proceeding which led to the 2019 temporary order of custody was ultimately dismissed after petitioner withdrew her petition; however, the father then acquiesced to the child continuing to reside with petitioner as contemplated under the temporary order.
In July 2022, the father picked the child up for an agreed-upon visit. Instead of returning the child to petitioner after the visit, the father left New York and moved with the child to South Carolina without any notice to petitioner. After learning of the father's actions, petitioner filed an emergency petition for custody in August 2022. After a two-day fact-finding hearing that took place in December 2022, Family Court found that petitioner had demonstrated the existence of extraordinary circumstances and that the best interests of the child would be served by granting petitioner sole legal and physical custody of the child.[FN2] The father appeals.
We affirm. To begin, we reject the father's contention that petitioner failed to meet her threshold burden of establishing extraordinary circumstances. "A parent has a claim of custody to his or her child that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other like extraordinary circumstances" (Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1368 [3d Dept 2022] [internal quotation marks and citations omitted]). "A grandparent, in particular, may make the requisite showing of extraordinary circumstances sufficient to confer upon him or her standing to seek custody by establishing that there has been an 'extended disruption of custody' " (Matter of Donna SS. v Amy TT., 149 AD3d 1211, 1213 [3d Dept 2017] [citation omitted], quoting Domestic Relations Law § 72 [2] [a]), which is defined, in relevant part, as "a prolonged separation of the respondent parent and the child for at least [24] continuous [*2]months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent" (Domestic Relations Law § 72 [2] [b]). A determination that a parent voluntarily relinquished care and control of the child requires that a court "consider the totality of the circumstances, taking into account such factors as the quality and quantity of contact between the parent and child, the amount of time that the child has lived with the grandparent, the quality of the relationship between the child and the grandparent and the length of time that the parent allowed the separation to continue before attempting to assume the primary parental role" (Matter of Donna SS. v Amy TT., 149 AD3d at 1213 [internal quotation marks and citation omitted]).
The testimony at the hearing from petitioner and the maternal aunt established that they were responsible for the child's medical care, schooling and overall well-being during the 39-month period that the child resided with them with no financial support from the father. To the extent that the father suggests that petitioner impeded his efforts at greater involvement during that period, Family Court credited petitioner's testimony to the contrary and we perceive no basis in this record to disturb that determination (see Matter of Heather U. v Janice V., 152 AD3d 836, 839 [3d Dept 2017]; Matter of Curless v McLarney, 125 AD3d 1193, 1197 [3d Dept 2015]). Accordingly, we find the testimony concerning the responsibilities undertaken by petitioner established extraordinary circumstances as she was, "in essence, acting as a parent with primary physical custody" (Matter of Suarez v Williams, 26 NY3d 440, 451 [2015]). We therefore "proceed to the issue of whether an award of custody to the nonparent, rather than the parent, is in the child's best interests" (Matter of Lisa F. v Thomas E., 211 AD3d at 1369 [internal quotation marks and citations omitted]; see Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048-1049 [3d Dept 2014]).
In addition to the parenting responsibilities that petitioner had assumed while the child resided with her, petitioner testified to her efforts to foster a relationship between the child and the father. Specifically, petitioner averred that the father was welcome to visit the child or schedule parenting time whenever he wanted to, and that she had made efforts to facilitate interactions by providing the father transportation to certain activities when the child expressed interest in seeing the father. Petitioner and the maternal aunt also spoke to the child's educational and behavioral concerns and the efforts they had made to have those concerns addressed by specialists and by virtue of an individualized educational plan that was in effect at the child's school. Despite the father's recent interest in assuming more responsibility for the child in the brief period following his abrupt removal of the child from petitioner's home, [*3]his testimony reflected that he either minimized or had little understanding of how to address the child's documented learning deficiencies. Further, Family Court properly gave significant weight to the father's unilateral decision to relocate the child without any notice and to preclude contact with petitioner, which reflected poorly on his parenting ability as well as his desire to foster a relationship between petitioner and the child. Based upon the totality of circumstances, and deferring to the credibility determinations and factual findings of Family Court, we conclude that there is a sound and substantial basis in the record that the award of custody to petitioner is in the child's best interests (see Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1089 [3d Dept 2022]; Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1342 [3d Dept 2018]).
Finally, we reject the father's contention that he is entitled to a new hearing on account of certain deficiencies in his counsel's representation in the proceeding. "To successfully maintain an ineffective assistance of counsel claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1010 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249, 1251-1252 [3d Dept 2021], lv denied 38 NY3d 901 [2022]). The father's sole argument as to his counsel's performance is directed at counsel's failure to admit the child's school records from the brief period that he was enrolled in school in South Carolina, which was attributable to counsel overlooking his obligation to provide those records to Family Court and his adversaries prior to the hearing. However, Family Court's final determination was predicated on the multitude of factors previously addressed, including the father's decision to abruptly relocate the child, prohibit any contact between the child and petitioner and his failure to appreciate the child's educational and medical needs, which provided ample support for the determination irrespective of the documents the father sought to introduce, the substance of which was testified to by the father. While the inability to introduce these records was clearly attributable to counsel's error, the import of such proof is based solely upon conjecture and speculation, and counsel otherwise performed adequately during the proceedings considering the relevant evidence and general circumstances of this case (see Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d 1293, 1298 [3d Dept 2023]; Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d at 1252-1253; Matter of Putnam v Jenney, 168 AD3d 1155, 1157-1158 [3d Dept 2019]; Matter of Lewis v Cross, 72 AD3d 1228, 1230 [3d Dept 2010]; Matter of Thompson v Jones, 253 AD2d 989, 990 [3d Dept 1998]). Considering counsel's efforts in their entirety, we are satisfied that the father [*4]received meaningful representation.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother moved to Florida in March 2020.

Footnote 2: At the hearing, both the attorney for the child and the mother advocated in support of petitioner receiving custody. Both maintain that position on appeal.