Matter of Gabriel E. (Barbara F.--Donald E.) (2024 NY Slip Op 02351)

Matter of Gabriel E. (Barbara F.--Donald E.)

2024 NY Slip Op 02351

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

536102
[*1]In the Matter of Gabriel E., an Infant. Barbara F. et al., Petitioners; Donald E., Appellant.

Calendar Date:March 26, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Lee C. Hartjen, Cobleskill, attorney for the child.

Mackey, J.
Appeal from an order of the Surrogate's Court of Otsego County (John F. Lambert, S.), entered April 27, 2022, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that respondent's consent was not required for the adoption of his child.
Petitioner Barbara F. (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child, Gabriel (born in 2012). The mother and the father separated after Gabriel was born and the mother is now married to petitioner Brian F. (hereinafter the stepfather). The father has been incarcerated for approximately 5 of the last 10 years and has had minimal contact with Gabriel throughout his life. In August 2021, petitioners filed the instant petition, requesting an order approving Gabriel's adoption by the stepfather. The father opposed the petition, asserting that he did not consent to Gabriel's adoption and that adoption would not be in his best interest. A hearing ensued to determine if the father's consent to the adoption was required. Following the hearing, Surrogate's Court found that the father's consent to the adoption was unnecessary, as he evinced an intent to forgo his parental rights when he failed to communicate with Gabriel for more than six years. The father appeals.
Domestic Relations Law § 111 (2) (a) provides that consent to adoption shall not be required from a parent "who evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so." If the petitioner establishes by clear and convincing evidence that the parent has evinced an intent to forgo his or her parental rights, then "the burden shifts to the parent to demonstrate sufficient contact or an inability to engage in such contact" (Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249, 1250 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 901 [2022]; see Matter of Lori QQ. v Jason OO., 118 AD3d 1084, 1084 [3d Dept 2014], lv denied 23 NY3d 909 [2014]). "[T]he mere fact that a parent is incarcerated does not relieve him or her of the obligation to make contact and to support the child" (Matter of Hayden II. [Renee II.-Devan JJ.], 135 AD3d 997, 998 [3d Dept 2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 904 [2016]; see Matter of Lillyanna A. [William ZZ.-John B.], 179 AD3d 1325, 1326-1327 [3d Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1485-1486 [3d Dept 2016]).
At the fact-finding hearing, the mother testified that she and the stepfather have been together for four years, have been married for approximately one year and have lived together, with Gabriel, for approximately 3½ years. Also living in the household are the stepfather's two teenage children [*2]and the mother's adult son from her first marriage. The mother testified that Gabriel has a good relationship with the other members of the household and that he and the stepfather's son call each other "brothers." The mother also stated that Gabriel and the stepfather are closely bonded, that Gabriel refers to him as "daddy" and that he looks up to the stepfather as a hero. Overall, Gabriel is doing well in school and has shown improvement in his emotional regulation, which he once struggled with.
A custody order referenced at the hearing appears to indicate that the father had previously been granted supervised visits with Gabriel.[FN1] However, the mother testified that Gabriel has not seen the father in at least four years and that the father "has been in prison a lot." She also testified that the father has not reached out to Gabriel in any capacity since their last visit, failing to send him any gifts or cards. When the father was in contact with Gabriel, the mother stated that the father did not act appropriately, describing an incident in which he cursed at her in front of Gabriel and grabbed him out of her arms, bruising him in the process. Gabriel also appeared to dislike the visits, "trash[ing] the whole classroom" when he knew a visit was upcoming and becoming angry after the visits. Gabriel also informed the mother that he "never wants to go again." In addition to testifying as to the lack of contact between the father and Gabriel, the mother also stated that the father gave her one government stimulus check but that she has otherwise received no child support payments from him.
The stepfather also testified at the hearing, describing the bond between himself and Gabriel. He confirmed that Gabriel referred to him as his dad and he called Gabriel his "little boy" in return. He also discussed the outdoor activities he enjoyed engaging in with Gabriel and described him as inquisitive, smart and helpful. He confirmed that he wished to adopt Gabriel and believed the adoption to be in Gabriel's best interest.
During his testimony, the father stated that he is currently incarcerated, has been in prison for 5 of the last 10 years and that he anticipates he will remain incarcerated for another 14 to 20 months. Although he disputed some of the mother's testimony, he admitted that it had been six years since he had seen Gabriel and three years since he had written him a letter.
Although not determinative (see Matter of Holly F. v Daniel G., 193 AD3d 1292, 1294 [3d Dept 2021], lvs denied 37 NY3d 904 [2021], 37 NY3d 904 [2021]), we note that the attorney for the child supports petitioners' application and argues that the father's consent to Gabriel's adoption is not required.
Surrogate's Court specifically credited petitioners' testimony and found "by clear and convincing evidence that [the father] failed to communicate or visit with the child, for a period well in excess of six months, although he was able to do so," and that the father "offered [*3]no credible information to this court as to why he has not had contact with the child in the last six months." Deferring to the trial court's factual findings and credibility determinations (see Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1414 [3d Dept 2021]), we discern no basis upon which to disturb its conclusion that the father's consent to Gabriel's adoption is not required (see Matter of Daniel OO. [William BB.-Faith OO.], 200 AD3d 1418, 1421-1422 [3d Dept 2021]; Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d at 1251; Matter of Lori QQ. v Jason OO., 118 AD3d at 1085).
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: There is no custody order in the record on appeal.