Matter of Jorge JJ. v Erica II.

2026 NY Slip Op 02179

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jorge JJ., Appellant,

v

Erica II., Respondent. (And Two Other Related Proceedings.)

Decided and Entered:April 9, 2026

CV-24-1651

Calendar Date: February 11, 2026

Before: Garry, P.J., Aarons, Ceresia, Fisher And Mackey, JJ.

Dennis B. Laughlin, Cherry Valley, for appellant.

Marcia Heller, Rock Hill, attorney for the child.

[*1]

Ceresia, J.

Appeal from an order of the Family Court of Broome County (Brett Noonan, J.), entered September 25, 2024, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2010). Going back at least as far as 2013, the mother has had primary physical custody of the child, with varying schedules of parenting time for the father (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1189-1190 [3d Dept 2021]). As relevant here, in an April 2022 order, Family Court directed that the father would have a certain number of supervised visits and telephone calls which, if completed successfully, would then lead to a period of unsupervised visits and calls. Between August and December 2023, the father filed three modification petitions, each seeking physical custody of the child, among other things. Following a two-day hearing and a Lincoln hearing held between April and June 2024, Family Court denied the father's requested relief, finding that although it would not be in the child's best interests to reside primarily with the father, she should still have supervised visitation with him, albeit on a more specific schedule to remove any confusion as to its terms. The father appeals.

The father's sole contention on appeal is that he received ineffective assistance from his trial attorney.FN1 "[T]o successfully maintain an ineffective assistance of counsel claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Carly W. v Mark V., 225 AD3d 984, 987 [3d Dept 2024] [internal quotation marks and citations omitted]). As the proponent of this argument, it is the father's burden "to demonstrate the absence of a legitimate or strategic reason for counsel's decisions" (Matter of K.H. [J.H.], 241 AD3d 1640, 1641 [3d Dept 2025] [internal quotation marks, brackets and citation omitted]; see Matter of Sheen PP. v Edward QQ., 238 AD3d 1417, 1421 [3d Dept 2025]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, [a party's] constitutional right to the effective assistance of counsel will have been met" (Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d 1293, 1298 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]).

The father claims that his counsel should have called certain witnesses to testify at the hearing, including the child's therapist and school personnel, and introduced documentary evidence such as call logs, text messages and the child's report card. However, the father has failed to show that counsel lacked a valid, strategic purpose, and is merely speculating, with the benefit of hindsight, that such [*2]proof would have been helpful to his case (see Matter of Richard CC. v Lacey DD., 243 AD3d 1186, 1190 [3d Dept 2025]; Matter of Ann T. v James U., 241 AD3d 1662, 1666 [3d Dept 2025]). To be sure, with respect to the purported failure to call witnesses, we note that the father admits that counsel may have had strategic reasons not to call these individuals. As for the report card, the mother admitted that the child's grades were low and this was not a contested issue. Given the foregoing, and noting that trial counsel for the father made appropriate opening and closing statements, effectively examined the father and cross-examined the mother and successfully defeated two motions to dismiss the father's petitions, we find that the father was not deprived of the effective assistance of counsel (see Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249, 1252-1253 [3d Dept 2021], lv denied 38 NY3d 901 [2022]; Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [3d Dept 2018]). To the extent not specifically addressed herein, the father's remaining contentions have been considered and found to be without merit.

Garry, P.J., Aarons, Fisher and Mackey, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother has not filed a brief in connection with this appeal, but the attorney for the child argues against the father's position.